606 A.2d 586

**PENNSYLVANIA STATE TROOPERS ASSOCIATION, Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 16, 1991.

Decided March 19, 1992.

468

James L. McAneny, for petitioner.

Frank A. Fisher, Jr., Chief Counsel, for respondent.

Before PALLADINO and SMITH, JJ., and SILVESTRI, Senior Judge.

PALLADINO, Judge.

Before us for disposition are the preliminary objections of the Commonwealth of Pennsylvania (Commonwealth) to a petition for review filed in our original jurisdiction by the Pennsylvania State Troopers Association (Association). For the reasons contained in this opinion, we sustain the preliminary objections.

In its petition for review filed on July 3, 1991, the Association averred: (1) that on July 2, 1991, the Association received a notice from the Commonwealth informing the Association that its members would not be paid on July 5, 1991;[1] (2) that the Association believed the Commonwealth failed to make required payments necessary to maintain benefit coverage for the Association's members and their dependents; (3) that the Commonwealth's actions constituted a breach of the Commonwealth's statutory and contractual duties; and (4) that the Association's members lost income and benefits resulting in damages, including loss of interest and earnings, medical expenses, insurance premiums, and damage to credit ratings and reputation. As relief, the Association sought the payment of salaries, together with interest and damages.

On July 19, 1991, the Commonwealth, in compliance with this court's decision in *Council 13, American Federation of State, County and Municipal Employees, AFL–CIO v. Casey*, 141 Pa.Commonwealth Ct. 199, 595 A.2d 670 (1991), attempted to issue paychecks to the Association's members with the remaining 1990–91 fiscal year appropriations. The paychecks represented only 23.5% of the full amount owed to the Association's members for the last five workdays in fiscal year 1990–91.

On July 22, 1991, the Association filed an application with this court for special relief in the nature of peremptory

1. July 5, 1991 is a regularly scheduled biweekly payday for the Association's members. The Commonwealth experienced a budget deficit and was unable to meets its payroll obligations during the last five workdays of June, 1991 (the last week of fiscal year 1990–91).

mandamus. This court, by order dated July 31, 1991, denied the relief reasoning that, in absence of any new appropriations by the legislature, the state administration and the commonwealth court were powerless to raise the appropriation ceilings established by the 1990–91 appropriations act to facilitate payment of the Association's salaries in full for the last week of fiscal year 1990–91.

The Commonwealth filed preliminary objections to the Association's petition for review on August 2, 1991. The Commonwealth contends in its preliminary objections that the doctrine of sovereign immunity bars suit against the Commonwealth to recover salaries, interest, and damages as sought by the Association, and that sovereign immunity also bars suits against the Commonwealth which seek to compel affirmative action on the part of the Commonwealth.

Preliminary objections admit as true all facts which are well pleaded as well as all inferences which are reasonably deducible therefrom. *Pennsylvania Academy of Chiropractic Physicians v. Department of State, Bureau of Professional & Occupational Affairs*, 129 Pa.Commonwealth Ct. 12, 564 A.2d 551 (1989). In addition, in order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and, where any doubt exists as to whether the preliminary objections should be sustained, that doubt should be resolved by a refusal to sustain them. *Mucy Creek Township Citizens Committee v. Shipman*, 132 Pa.Commonwealth Ct. 543, 573 A.2d 662 (1990).

Initially, we note that the salary issue has been rendered moot by the Commonwealth's payment of salaries to the Association's members as soon as monies were appropriated by the legislature for the 1991–92 fiscal year. The only issue left for our disposition, therefore, is whether the Commonwealth is liable to the Association for interest and damages occasioned by the delay in the payment of salaries.

The Association believes that the Commonwealth is liable for interest and damages under the theory that an action in

mandamus against a state official to compel performance of a statutory duty to pay funds

> is not a situation where waiver of the State's sovereign immunity from suit is required before suit may be brought. The statutory law has already provided for payment of the funds; from the standpoint of the State itself the 'claim' has been established by statute.

*Volunteer Firemen's Relief Association of the City of Reading v. Minehart,* 415 Pa. 305, 312, 203 A.2d 476, 480 (1964).

In the present case, statutory law has provided for the payment of salaries. Under section 223, The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. § 83, the Association's members "shall be paid his regular salary every other week." Therefore, because there is a specific statute that authorizes the payment of salaries to the Association's members, the above-cited theory applies to the payment of the "principal" in this case, namely the salaries. However, the Association attempts to apply this theory to the payment of interest and damages, even though there is no specific statutory provision authorizing the payment of interest and damages in this case, arguing that if sovereign immunity does not bar the Commonwealth's payment of the "principal," sovereign immunity should not bar the Commonwealth's payment of interest and damages on the "principal." The Association attempts to analogize the situation in the case at bar to Board of Claims (Board) cases.

The Board cases cited by the Association are as follows: *Department of Transportation v. Trumbull Corp.,* 99 Pa.Commonwealth Ct. 557, 513 A.2d 1110 (1986); *Department of Transportation v. Cumberland Construction Co.,* 90 Pa.Commonwealth Ct. 273, 494 A.2d 520 (1985), *petition for allowance of appeal denied,* 513 Pa. 636, 520 A.2d 1386 (1987); *Department of Transportation v. DePaul,* 29 Pa.Commonwealth Ct. 447, 371 A.2d 261 (1977); *General State Authority v. Loffredo,* 16 Pa.Commonwealth Ct. 237, 328 A.2d 886 (1974); *Department of Property and Sup-*

*plies v. Berger*, 11 Pa.Commonwealth Ct. 332, 312 A.2d 100 (1973). These cases allow the payment of interest and damages from the Commonwealth on contract disputes with the Commonwealth. The reason for the right to interest and damages from the Commonwealth in these cases arises from the fact that the contract disputes involved all fall within the exclusive jurisdiction of the Board, and the Board is statutorily empowered to award interest and damages. 72 Pa.S. §§ 4651-1-10.

■ It is a basic constitutional principle that an action can be brought against the Commonwealth only when a right of action has been authorized by statute. Pa.Const. Art. 1, § 11. Pursuant to section 11 of article 1, the legislature has declared "that the Commonwealth ... shall continue to enjoy sovereign ... immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity." 1 Pa.C.S. § 2310.

■ The legislation creating the Board is such a waiver of sovereign immunity. *Smock v. Commonwealth*, 496 Pa. 204, 436 A.2d 615 (1981). The legislature created the Board to provide a comprehensive plan to arbitrate claims arising from contracts entered into by the Commonwealth and to authorize unlimited awards against the Commonwealth, including the right to award interest and damages. *Berger*. However, the Board's jurisdiction does not extend to collective bargaining agreements in the public sector, such as the contract in the present case. *Kapil v. Association of Pennsylvania State College and University Faculties*, 504 Pa. 92, 470 A.2d 482 (1983). Therefore, the waiver of sovereign immunity applicable to cases falling within the jurisdiction of the Board is not applicable to the present case. Because there is no specific waiver of sovereign immunity in the present case, the Commonwealth is immune from the Association's suit for interest and damages.

This rule of immunity is also consistent with the fundamental constitutional rule that no money can be paid out of the treasury except pursuant to specific appropriations legislation. Pa.Const. Art. 3, § 24. Because there is no specif-

ic appropriations legislation authorizing the payment of interest and damages in the present case, no cause of action arises.

Moreover, as to damages specifically, it is well settled that "[s]uits which seek to compel affirmative action on the part of state officials or to obtain money damages or to recover property from the Commonwealth are within the rule of immunity." *Concerned Taxpayers of Allegheny County v. Commonwealth*, 33 Pa.Commonwealth Ct. 518, 522–23, 382 A.2d 490, 493 (1978) (quoting *Philadelphia Life Insurance Co. v. Commonwealth*, 410 Pa. 571, 576, 190 A.2d 111, 114 (1963)) (emphasis deleted).

Accordingly, the Commonwealth's preliminary objections are sustained and the Association's petition for review is dismissed.

## ORDER

AND NOW, March 19, 1992, the preliminary objections of the Commonwealth in the above-captioned matter are sustained, and the Association's petition for review is hereby dismissed.