The MORNING CALL, INC.,

v.

The HOUSING AUTHORITY OF the CITY OF ALLENTOWN, U.G.I. Utilities, Inc. and Housing and Redevelopment Insurance Exchange.

Appeal of U.G.I. Utilities, Inc.

Commonwealth Court of Pennsylvania.

Argued Oct. 5, 2000.
Decided March 21, 2001.

Kevin T. Fogerty, Allentown, for appellant.

Malcolm J. Gross, Allentown, for appellee, The Morning Call.

Richard W. Shaffer, Allentown, for appellee, the Housing Authority of the City of Allentown.

Before COLINS, Judge, SMITH, Judge, and MIRARCHI, Senior Judge.

SMITH, Judge.

U.G.I. Utilities, Inc. (UGI) appeals from an order of the Court of Common Pleas of Lehigh County that directed the Housing Authority of the City of Allentown (Housing Authority), UGI and the Housing and Redevelopment Insurance Exchange (HARIE) to provide The Morning Call, Inc. (Morning Call) with full access to a General Release (Release) between UGI, the Housing Authority and HARIE pursuant to Section 4 of the act commonly known as the Right to Know Act (Act), Act of June 21, 1957, P.L. 390, *as amended,* 65 P.S. § 66.4. UGI con-

tends that the trial court erred in ordering production of a full, unredacted copy of the Release because the Release contains a confidentiality clause and because portions of the Release do not involve the receipt or disbursement of funds by a public agency.

This litigation arises from an explosion at the John T. Gross Towers Apartment Building on June 9, 1994. The Housing Authority owns and manages the building, and HARIE insures the building for casualty loss. The Housing Authority filed suit seeking damages for the losses it sustained in the explosion from UGI and Environmental Preservation Associates, Inc. HARIE reimbursed the Housing Authority for its insured losses and thereby became subrogated to the Housing Authority's claims arising from the explosion to the extent of the reimbursement. In July 1999, UGI entered into the Release with the Housing Authority and UGI. The Release is a single document that discontinued the Housing Authority's action in the trial court with prejudice.

The Release requires UGI to pay a total sum which remains undisclosed, of which $275,000 was to be paid to the Housing Authority for its uninsured losses and an additional undisclosed amount was to be paid to HARIE for its subrogation claim. The Release also provides that its terms "shall remain confidential to the fullest extent permitted by law, and that said confidentiality is a material condition and provision of this Release." Release, at p. 6. When a Morning Call reporter requested a copy of the Release from the Housing Authority, the Morning Call was provided with only a redacted copy of the Release. The total amount paid by UGI to the Housing Authority and HARIE was re-

dacted from the copy as well as the amount paid to HARIE in its subrogation claim.

 The Housing Authority informed the Morning Call reporter that it was unable to provide a full, unredacted copy of the Release because UGI was not willing to waive the confidentiality clause. The Morning Call filed a statutory appeal of the Housing Authority's decision to the trial court pursuant to Section 4 of the Act. The trial court determined that the Housing Authority is an agency and that the Release is a public record not within any exception under the Act. The court noted that redaction of material from public records is a device that should be used sparingly, and the court rejected UGI's argument that material should be redacted in this case because of the Release's confidentiality clause. Thus the trial court sustained the Morning Call's appeal and ordered full disclosure of the Release.[1]

UGI argues that the trial court erred by ordering full disclosure of the Release. UGI does not contest the trial court's conclusion that the Housing Authority is an agency under the Act or that the Release is a public record insofar as it concerns the Housing Authority. UGI however argues that the trial court should have allowed the Housing Authority to redact the information relating to HARIE from the Release on grounds that the information relating to UGI's settlement with HARIE would not be subject to disclosure if it were contained in a separate document. UGI notes that Section 4 of the Act grants the trial court authority to "enter such order for disclosure as it may deem proper." UGI maintains that information which the Act does not require to be disclosed may be

---

1. The Court's review of the trial court's order is limited to determining whether the grant or denial of the request for information was for

just and proper cause. *Times Publishing Company, Inc. v. Michel,* 159 Pa.Cmwlth. 398, 633 A.2d 1233 (1993).

redacted from a public record before disclosure.

UGI contends that this Court has approved redaction in analogous cases, citing *PG Publishing Company v. County of Washington*, 162 Pa.Cmwlth. 196, 638 A.2d 422 (1994), and *Times Publishing Company, Inc. v. Michel*, 159 Pa.Cmwlth. 398, 633 A.2d 1233 (1993). In both of these cases, however, the redacted material was protected by one of the exceptions to the definition of a public record set forth in Section 1(2) of the Act, 65 P.S. § 66.1(2).[2] In *Times Publishing Company*, the Court approved redaction of personal data, including addresses, telephone numbers and social security numbers, from firearms applications. The Court concluded that the information was protected by the personal security exception. The telephone bills at issue in *PG Publishing Company* contained telephone numbers that would have jeopardized an ongoing investigation if disclosed. Therefore, the Court concluded that those numbers were within the investigation exception. In both cases the Court refused to permit redaction of material that was not protected by any exception.

In the instant case, UGI does not contend that the redacted material is protected by any exception. Instead UGI relies upon the confidentiality clause of the Release and argues that the Court should protect the sanctity of private parties' right to contract. However, private parties cannot contract away the public's right to access public records. *Morning Call, Inc. v. Lower Saucon Township*, 156 Pa. Cmwlth. 397, 627 A.2d 297 (1993). UGI argues that its settlement with HARIE is separate from its settlement with the Housing Authority and could have been executed in a separate document. Nevertheless, that is not the case. The HARIE settlement is contained in a public record, and no exception protects the HARIE settlement from disclosure.

Furthermore, the HARIE settlement is inextricably intertwined with the settlement between UGI and the Housing Authority, because the HARIE claim against UGI is entirely derivative of the Housing Authority's claim. Regardless of the structure of the Release, the funds paid to HARIE settled a claim principally held by the Housing Authority. *See id.* (explaining that laundering funds through an insurance carrier did not change their essentially public character). The Release is a public record, which is not protected from disclosure by any exception, and accordingly it must be disclosed in its entirety. The trial court's order is affirmed.

COLINS, Judge, dissents.

---

**2.** Section 1(2) provides:

'Public Record.' Any account, voucher or contract dealing with the receipt or disbursement of funds by an agency or its acquisition, use or disposal of services or of supplies, materials, equipment or other property and any minute, order or decision by an agency fixing the personal or property rights, privileges, immunities, duties or obligations of any person or group of persons: Provided, That the term 'public records' shall not mean any report, communication or other paper, the publication of which would disclose the institution, progress or result of an investigation undertaken by an agency in the performance of its official duties, except those reports filed by agencies pertaining to safety and health in industrial plants; it shall not include any record, document, material, exhibit, pleading, report, memorandum or other paper, access to or the publication of which is prohibited, restricted or forbidden by statute law or order or decree of court, or which would operate to the prejudice or impairment of a person's reputation or personal security, or which would result in the loss by the Commonwealth or any of its political subdivisions or commissions or State or municipal authorities of Federal funds, excepting therefrom however the record of any conviction for any criminal act.

## ORDER

AND NOW, this 21st day of March, 2001, the final order of the Court of Common Pleas of Lehigh County is hereby affirmed.