**COGEN, SKLAR AND LEVICK,**
**Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, Insurance Department, Office of Chief Counsel and Philadelphia Inquirer, Respondents.**

Commonwealth Court of Pennsylvania.

Argued Nov. 4, 2002.
Decided Jan. 3, 2003.

David L. Pennington, Philadelphia, for petitioner.

Robert C. Clothier, Philadelphia, for respondent, Philadelphia Inquirer.

Joseph C. Crawford, Philadelphia, for respondent, Insurance Department.

BEFORE: COLINS, President Judge, COHN, Judge, MIRARCHI, Jr., Senior Judge.

OPINION BY President Judge COLINS.

Before this Court for disposition are the preliminary objections of the Insurance Department of Pennsylvania (Department) and the Philadelphia Inquirer to the petition for review in the nature of a complaint for declaratory judgment of Cogen, Sklar, Levick and Company (Cogen, Sklar) filed

in our original jurisdiction. The preliminary objections are sustained; the complaint is dismissed with prejudice.

On July 19, 2002 Cogen, Sklar filed with this court a petition for review seeking a declaratory judgment determining whether the terms of a properly executed settlement agreement to which the Department is a party is a public record subject to disclosure pursuant to the law known as the Right to Know Act (Act), Act of June 21, 1957, P.L. 390, *as amended,* 65 P.S. §§ 66.1–66.4. The facts as pled by Cogen, Sklar are as follows.

The Liquidator brought suit against the accounting firm Cogen, Sklar. Subsequently, the claim was settled, and a mutual release executed. By the terms of the agreement, Cogen, Sklar was to be released from liability upon payment of a certain sum of monies. The agreement contained a confidentiality clause which provided that the terms of the agreement were not to be disclosed to the general public.

Pursuant to the Act, the Inquirer requested copies of the release and copies of the documents reflecting payment of sums of money to the Department. The Department notified Cogen, Sklar of its intent to release the documents. Cogen, Sklar provided the Department with the requisite notice of opposition to the release of the settlement agreement, and thereafter filed a declaratory judgment action in this Court for the purpose of determining whether the information sought is a public record subject to disclosure pursuant to the Act.

The Department filed preliminary objections to the declaratory judgment action seeking dismissal of the complaint as a result of the failure to set forth a claim upon which relief may be granted. The Inquirer also filed preliminary objections requesting dismissal of the complaint; its allegations mirror the allegations advanced by the Department. Both parties contend that *Morning Call, Inc. v. Housing Auth. of the City of Allentown,* 769 A.2d 1246 (Pa.Cmwlth.2001), characterized settlement agreements containing confidentiality provisions as public records, thus, Cogen, Sklar's objection to the release of the agreement must be dismissed.

▬ In ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deducible therefrom. *Meier v. Maleski,* 167 Pa.Cmwlth. 458, 648 A.2d 595 (1994). The court does not consider conclusions of law, argumentative allegations, or expressions of opinion. *Id.* In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery. *Pennsylvania State Troopers Ass'n v. Commonwealth,* 146 Pa. Cmwlth. 467, 606 A.2d 586, 587 (1992). Where any doubt exists as to whether the preliminary objections should be sustained, that doubt should be resolved by a refusal to sustain the preliminary objections. *Id.*

In support of the contention that the Act mandates disclosure of the agreement, the Department and the Inquirer direct the court's attention to the definitions set forth in the Act and this Court's decision in *Morning Call.* Section 2 of the Act mandates that every public record of an agency shall be open for examination and inspection by any citizen of the Commonwealth of Pennsylvania. 65 P.S. § 66.2. It is undisputed that the Department is an agency. A public record is defined as

Any ... contract dealing with the receipt or disbursement of funds by an agency ... and any minute, order or decision by an agency ... and any minute, order or decision by an agency fixing the personal or property rights, priv-

ileges, immunities, duties or obligations of any person....

65 P.S. § 66.1(2).

 Excluded from the term public record is

any record, document, material, exhibit, pleading, report, memorandum or other paper, access to or the publication of which is prohibited, restricted or forbidden by statute law or order or decree of court, ....

65 P.S. § 66.1(2). Given the language of Section 1 of the Act and the purpose of the Act, disclosure is prohibited if decisional or statutory law forbids such disclosure. *Envirotest Partners v. Department of Transportation*, 664 A.2d 208 (Pa.Cmwlth.1995). However, private parties cannot contract away the public's right to access public records. *Morning Call.* Additionally, *Morning Call* established that a confidentiality clause contained in a settlement agreement could not bar full disclosure of a general release containing the settlement agreement between the housing authority and city businesses. Thus, there is no basis to support the contention of Cogen, Sklar that absent court order, decisional law, or statutory law to the contrary, a confidentiality clause in a settlement agreement removes the settlement agreement from public disclosure or public scrutiny. The very purpose of the Act is to keep open the doors of the government, to prohibit secrets, to scrutinize the actions of public officials, and to make public officials accountable in their use of public funds. *PG Publishing Co. v. County of Washing-*

*ton,* 162 Pa.Cmwlth. 196, 638 A.2d 422 (1994).

Herein, the complaint is devoid of any allegation that the settlement agreement, and thus the confidentiality clause, was reviewed by a court, approved by a court or entered into pursuant to a court order. Neither is there an allegation that there is a judicial order prohibiting disclosure of the terms of the settlement. Therefore, since Cogen, Sklar does nothing more than assert that disclosure of the agreement does not advance the purposes of the Act,[1] and since that mere assertion is not enough for this Court to grant relief in light of the general doctrine that records involving government agencies shall be disclosed to the public, we conclude that the Cogen, Sklar has failed to present a cognizable cause of action. Therefore, the documents sought are not exempt from disclosure under the Act. Accordingly, the preliminary objections of the Department and the preliminary objections of the Inquirer are sustained. Cogen, Sklar's petition for review fails to state a cause of action upon which relief may be granted; the complaint in the nature of a declaratory judgment is dismissed with prejudice.

### ORDER

**AND NOW,** this 3rd day of January 2003, it is **ORDERED** that:

1. The preliminary objections of Respondent Commonwealth of Pennsylvania, Insurance Department, Office of Chief

---

1. In its brief to this Court, Cogen, Sklar advances the novel theory that when the Insurance Commissioner acts in her capacity as a Liquidator for a failed insurance company, that role divests her of her role as the head of a state agency, thus any agreements to which she is a party are not subject to disclosure under the Act. That issue has not been resolved, since Cogen, Sklar did not plead facts relating to that issue in the petition for review filed in this Court. As noted previously, when considering preliminary objections in our original jurisdiction we are limited to review all well plead facts. As relating to this issue, no facts were pleaded regarding the Insurance Commissioner and her statutory duties; therefore, the issue was not properly before the Court for review.

Counsel to the petition for review are sustained;

2. The preliminary objections of Respondent Philadelphia Inquirer are sustained; and

3. The petition for review in the nature of a complaint for declaratory judgment filed by Cogen, Sklar and Levick is dismissed with prejudice.