# Newspaper Holdings Inc. v. New Castle
## Area School District

C.P. of Lawrence County, no. 70138 of 2005, M.D.

*James W. Manolis,* for petitioner.
*Charles Sapienza,* for respondents.

WHERRY, *S.J.,* February 22, 2006—This case is before the court for the disposition of petitioner's petition for review of the New Castle Area School District's determination that a settlement agreement was not a "public record" pursuant to 65 P.S. §66.8.

Petitioner and respondents stipulated to the following factual findings: Newspaper Holdings Inc. (petitioner) is a corporation duly organized and existing under the laws of the State of Delaware, having an office and place of business at 27 North Mercer Street, New Castle, Lawrence County, Pennsylvania 16101. Petitioner publishes the *New Castle News,* a newspaper of general circulation in Lawrence County, Pennsylvania. The respondent, New Castle Area School District (NCASD), is a public school district located in Lawrence County, Pennsylvania, having its administrative offices at 420 Fern Street, New Castle, Pennsylvania 16101. The respondent, John J. Sarandrea, is an adult individual who resides in Union Township, Lawrence County, Pennsylvania, 16101 and is the principal of the NCASD-New Castle Senior

High School. The respondent, Robert Razzano, is an adult individual who resides at 1611 Carlisle Street, New Castle, Pennsylvania 16101 and is the assistant principal of the NCASD-New Castle Senior High School.

On September 20, 2004, William P. Zeiger and Victoria M. Zeiger, parents and natural guardians of [ ], a minor, filed a lawsuit against the defendants, NCASD, George Gabriel and Mark Elisco, alleging that the minor child's civil rights were violated as more fully set forth in a complaint filed in the Court of Common Pleas of Lawrence County, Pennsylvania, at no. 11214 of 2004, Equity (lawsuit no. 1). On September 20, 2004, Krystel M. Lutz and Brenda L. Martin, parent and natural guardian of [ ], a minor, filed a lawsuit against the defendants, NCASD, George Gabriel, Sarandrea and Razzano, alleging that the minor child's civil rights were violated as more fully set forth in a complaint filed in the Court of Common Pleas of Lawrence County, Pennsylvania, at no. 11216 of 2004, Equity (lawsuit no. 2).

On October 12, 2004, lawsuit no. 1 and lawsuit no. 2 were removed to the United States District Court for the Western District of Pennsylvania. Subsequent to that removal, George Gabriel was dismissed as a defendant, and lawsuit no. 1 and lawsuit no. 2 were consolidated and captioned *William P. Zeiger and Victoria M. Zeiger, parents and natural guardian of [ ], a minor v. New Castle Area School District,* no. 2:04-CV-1556 (federal case).

On or about April 15, 2005, the plaintiff-students negotiated a settlement agreement with the defendants in the federal case (settlement agreement). During the settlement negotiations, the NCASD, and not the plaintiff-stu-

dents, insisted that a confidentiality provision be included in the settlement agreement and the record in the federal case be sealed to inhibit public access to the terms of the settlement. The plaintiff-students were not concerned about the disclosure of the terms of the settlement agreement, but to secure the settlement, agreed to the confidentiality clause and the request that the record be sealed. The aforestated settlement agreement was signed and memorialized on May 7 and 8, 2005.

In May of 2005, petitioner learned that the NCASD may have settled the federal case with the plaintiff-students and made inquiry of the NCASD as to the terms of the settlement agreement. On and after July 14, 2004, the NCASD had in effect a written policy and regulations adopted pursuant to the Right to Know Law, particularly 65 P.S. §66.8; however, the NCASD refused to provide petitioner with any information relating to the terms of the settlement agreement. On May 17, 2005, petitioner forwarded a "Request for access" to the office of defendant, George Gabriel, superintendent of the NCASD, requesting a copy of the written settlement agreement. On May 20, 2005, the NCASD responded to petitioner's "Request for access" in a letter from the NCASD solicitor, dated May 20, 2005, in which the NCASD indicated that a formal settlement had not been reached and when said settlement had been reached, the NCASD would consider whether said settlement was a "public record" under the Right to Know Law, and whether it would be provided to petitioner. On June 8, 2005, the plaintiff-students presented to the federal court a petition for decree authorizing settlement of minor's claim under Local Rule 17.1, which contained a request

that the petition and any resultant order of court be sealed from public inspection because "the parties agreed to keep confidential all of the settlement terms." Without holding a hearing, the federal judge entered an order on June 8, 2005 stating: "[t]hat the accompanying petition, its exhibits and this order of court be sealed from public disclosure, pursuant to the parties' agreement for confidentiality."

On June 15, 2005, the NCASD adopted a resolution formally accepting the terms of the settlement agreement and, on June 17, 2005, Petitioner requested that the NCASD provide petitioner with the NCASD policy relative to petitioner's request under the Right to Know Act. On June 18, 2005, solicitor for the NCASD responded to petitioner's "Request for access" with a denial of request. Said denial was based on the June 8, 2005 order of court sealing the record. Petitioner appealed the denial on June 30, 2005 and, on July 12, 2005, the NCASD made a final determination of petitioner's request by again issuing a denial on the same basis as their initial denial.

Petitioner filed a petition for review of those proceedings on August 8, 2005. Additionally, on August 11, 2005, petitioner filed a motion to intervene and motion to reconsider and modify order in the matter of *William P. Zeiger and Victoria M. Zeiger, parents and natural guardian of [    ], a minor v. New Castle Area School District*, no. 2:04-CV-1556. Only the NCASD objected to petitioner's motions. On August 19, 2005, the NCASD filed a response to motion to intervene and motion to reconsider and modify order. On August 29, 2005, peti-

tioner filed their reply to NCASD's response. On August 31, 2005, United States District Judge, Arthur J. Schwab, issued a memorandum opinion and order of court, which unsealed the June 8, 2005 order and accompanying petition; however, the August 31, 2005 order was stayed until the parties fully litigated the matter on appeal. Neither party filed an appeal to the federal district court's August 31, 2005 order; therefore, that order of court is a final order.

Additionally, the court makes the following findings of fact. In the order of court, issued June 8, 2005, by the Honorable Judge Arthur J. Schwab, the agreement and record was sealed pursuant to the following statement: "[t]hat the accompanying petition, its exhibits and this order of court be sealed from public disclosure, pursuant to the parties' agreement for confidentiality." Paragraph nine of the parties' settlement agreement contains the following language:

"The parties covenant and agree to keep the terms and amounts of this settlement confidential, excepting only disclosures required to be made by the school district [NCASD] pursuant to the Sunshine Act, Right to Know Act and other similar laws and disclosures required to be made by any party pursuant to court order or other mandatory legal process . . . ."

Pursuant to the Pennsylvania Right to Know Law, government agencies are required to make public records accessible to members of the public for inspection and duplication. 65 P.S. §66.2 (2005). A public agency, such as the NCASD, has an affirmative responsibility to provide access to public records where such access is re-

quested via writing. *Id.* at section 66.3-4. When a settlement agreement fixes the rights or personal property of the parties or calls for the payment of money involving the disbursement of public funds, it is then subject to disclosure pursuant to the Pennsylvania Right to Know Law. *Morning Call Inc. v. Lower Saucon Township,* 156 Pa. Commw. 397, 627 A.2d 297 (1993). The terms of a settlement agreement involving a federal civil rights action, based upon the conduct of a public entity and its employees, is deemed to contain information relating to the administration of the business of the public; therefore, such a settlement agreement is a public record defined within 65 P.S. §66.1. *Tribune-Review Publishing Company v. Westmoreland County Housing Authority,* 795 A.2d 1094 (Pa. Commw. 2002), *affirmed, Tribune-Review Publishing Company v. Westmoreland County Housing Authority,* 574 Pa. 661, 833 A.2d 112, 116 (2003). The public's right of access cannot be contracted away by the parties in such a settlement agreement. *Cogan Sklar & Levick v. Commonwealth of Pennsylvania, Insurance Department,* 814 A.2d 825, 828 (Pa. Commw. 2003), citing *PG Publishing Co. v. County of Washington,* 162 Pa. Commw. 196, 638 A.2d 422 (1994). However, a public agency may properly deny access to an otherwise public record where such disclosure is prohibited by court order of decree. 65 P.S. §66.1 (2005).

There are several provisions under Pennsylvania law for a party requesting information, pursuant to the Pennsylvania Right to Know Law, to collect reasonable attorney's fees and court costs. These provisions are found within 65 P.S. §66.4-1:

"If a court reverses an agency's final determination, the court may award reasonable attorney's fees and costs of litigation or an appropriate portion thereof to a requestor if the court finds either of the following:

"(1) The agency willfully or with wanton disregard deprived the requestor of access to a public record subject to access under the provisions of this act; or

"(2) The exemptions, exclusions or defenses asserted by the agency in its final determination were not based upon a reasonable interpretation of law."

The statute further reads, "[o]ther sanctions . . . [n]othing in this act shall prohibit a court from imposing penalties and costs in accordance with applicable rules of court." 65 P.S. §66.4-1(c) (2005).

The first issue before the court is whether the final determination of the NCASD denying petitioner access to the settlement agreement was proper under the provisions of the Pennsylvania Right to Know Law, 65 P.S. §66.1 et seq.

NCASD based their refusal to provide petitioner with the settlement agreement on the grounds that Judge Schwab's order of court, dated June 8, 2005, sealed the record. However, in the June 8, 2005 order, Judge Schwab clearly indicated that the record was sealed "pursuant to the parties' agreement for confidentiality." Paragraph nine of the settlement agreement clearly states that the NCASD is permitted to disclose the settlement agreement in compliance with the Pennsylvania Right to Know Law. Furthermore, it was the NCASD, not the plaintiff-students, who requested that the settlement be made confidential

and that the record be sealed. Although the Pennsylvania Right to Know Law and the policy adopted by the NCASD states that information sealed via court order is not a "public record" subject to disclosure, the effect of Judge Schwab's order allowed for disclosure pursuant to paragraph nine of the settlement agreement and, as a result, did not fully seal the information.

Therefore, the court holds that the NCASD was obligated, pursuant to the Pennsylvania Right to Know Law and paragraph nine of the parties' settlement agreement, to disclose the settlement agreement to petitioner.

The remaining issue before the court is whether petitioner is entitled to an award of attorney's fees and costs of litigation under the provisions of the Pennsylvania Right to Know Law, 65 P.S. §66.4-1.

Although there are several provisions under Pennsylvania law where attorney's fees and costs of litigation may be awarded to the party requesting information pursuant to Pennsylvania's Right to Know Law, there is only one such provision applicable in the instant dispute. Thus, the question can be narrowed to whether "[t]he exemptions, exclusions or defenses asserted by the agency in its final determination were not based upon a reasonable interpretation of law. . . ." 65 P.S. §66.4-1(a)(2).

In denying petitioner access to the settlement agreement, the NCASD relied upon Judge Schwab's June 8, 2005 order of court, which served to seal the record including the settlement agreement sought by the petitioner. In doing so, the NCASD relied upon the law that "a public agency may properly deny access to an otherwise public record where such disclosure is prohibited by court

order of decree." *Id.* at section 66.1. However, Judge Schwab's order of court did not prohibit the disclosure of the settlement agreement. Judge Schwab expressly stated that the record was sealed "pursuant to the parties' agreement for confidentiality." As previously discussed, the June 8, 2005 order of court coupled with paragraph nine of the settlement agreement indicate that the NCASD did not base their denial of petitioner's request on a reasonable interpretation of law. *Id.* at section 66.4-1(a)(2).

Additionally, the court accepts petitioner's claim that they were required to file a petition for review with this court within the required 30-day time period. *Id.* at section 66.4(b). Furthermore, in order to prevail on their claim in state court, petitioners prudently filed in federal court a motion to intervene and motion to reconsider and modify order. The motions filed in federal court allowed petitioner access to the language in the June 8, 2005 order of court issued by Judge Schwab, which is the basis for their contention that the terms of the settlement agreement were wrongfully withheld.

Therefore, the court holds that petitioner is entitled to reasonable attorney's fees and court costs based upon the time incurred in this instant case and in the federal court litigation. However, since petitioner has not yet submitted a claim for a specific amount of attorney's fees and litigation costs before this court, it is hereby ordered that petitioner shall submit said claim for a specific amount of attorney's fees and litigation costs along with supporting affidavits from attorney's within Lawrence County, Pennsylvania, attesting to the reasonableness of said expenses within 14 days of this order and opinion.

## ORDER

And now, February 22, 2006, the court having heard argument regarding petitioner's petition for review of the New Castle Area School District's determination that a settlement agreement was not a "public record" pursuant to 65 P.S. §66.8, with James Manolis, Esquire, appearing and representing the petitioner and Charles Sapienza, Esquire, appearing and representing the respondents, the court finds and it is hereby ordered, adjudged and decreed as follows:

(1) Respondents are directed to produce a true and correct copy of the executed written settlement agreement.

(2) The prothonotary shall properly serve notice of this order upon counsel of record; and if a party has no counsel, then upon said party at their last known address as contained in the court's file.