NEWSPAPER HOLDINGS, INC.
t/d/b/a New Castle News

v.

NEW CASTLE AREA SCHOOL DISTRICT; Mark Elisco, Principal of New Castle Area School District, George Washington Intermediate School; John J. Sarandrea, Principal of New Castle Area School District, New Castle Senior High School; and Robert Razzano, Assistant Principal of New Castle Area School District, New Castle Senior High School, Appellants.

Commonwealth Court of Pennsylvania.

Argued Oct. 17, 2006.

Decided Nov. 22, 2006.

Charles P. Sapienza, Jr., New Castle, for appellants.

James W. Manolis, New Castle, for appellee.

BEFORE: FRIEDMAN, Judge, LEADBETTER, Judge, and LEAVITT, Judge.

OPINION BY Judge FRIEDMAN.

New Castle Area School District (District); Mark Elisco, Principal of New Castle Area School District, George Washington Intermediate School; John J. Sarandrea, Principal of New Castle Area School District, New Castle Senior High School; and Robert Razzano, Assistant Principal of New Castle Area School District, New Castle Senior High School (collectively, Appellants)[1] appeal from the March 20, 2006, order of the Court of Common Pleas of Lawrence County (trial court) amending the trial court's February 22, 2006, order.[2] Together, the orders: (1) direct Appellants to provide a copy of a settlement agreement between the District and certain District students to Newspaper Holdings, Inc. t/d/b/a New Castle News (the News) pursuant to the statute commonly known as the Right to Know Law[3] (RTKL); and (2) direct Appellants to pay the News $8,820.10, representing reasonable attorney fees and litigation costs, pursuant to section 4.1 of the RTKL.[4]

---

1. The District is a public school district located in Lawrence County, Pennsylvania. The remaining Appellants are all District employees.

2. Appellants filed a timely appeal from the February 22, 2006, order, and the appeals were consolidated for argument before this court.

3. Act of June 21, 1957, P.L. 390, *as amended*, 65 P.S. §§ 66.1–66.9.

4. Section 4.1 of the RTKL, added by section 6 of the Act of June 29, 2002, P.L. 663, 65 P.S. § 66.4–1.

The following facts are not in dispute.[5] On September 20, 2004, two District students, through their parents/guardians, filed separate lawsuits against Appellants alleging civil rights violations relating to the District's dress apparel policy (Federal Case). In October 2004, the lawsuits were removed to the United States District Court for the Western District of Pennsylvania (District Court) and consolidated.

On April 15, 2005, the Plaintiff-students negotiated a settlement agreement with Appellants in the Federal Case (Settlement Agreement). During these negotiations, the District, and not the Plaintiff-students, insisted that a confidentiality provision be included in the Settlement Agreement and that the record in the Federal Case be sealed to inhibit public access to the terms of the Settlement Agreement. The Plaintiff-students were not concerned about disclosure, but, in order to secure the Settlement Agreement, they agreed to the confidentiality provision and the request that the District Court record be sealed. The confidentiality provision, set forth in paragraph 9 of the Settlement Agreement, states as follows:

> The Parties covenant and agree to keep the terms and amounts of this settlement confidential, *excepting only disclosures required to be made* by the School District *pursuant to* the Sunshine Act, *Right to Know Act* and other similar laws and disclosures required to be made by any party pursuant to court order or other mandatory legal process. The Parties further agree that neither they nor their counsel or any other representatives shall publicize, discuss with third parties, or comment upon to anyone the allegations and contentions of

any party in this litigation, and that the only statement that may be furnished regarding this litigation is that it was resolved in a manner satisfactory to all parties. Notwithstanding the foregoing, the parties agree that they may hereafter disclose information concerning this agreement to attorneys, accountants, or tax advisors only to the extent necessary.

(R.R. at 62a, 163a) (emphasis added). On May 7 and 8, 2005, the Plaintiff-students signed the written Settlement Agreement prepared by the District.

Thereafter, the News, a newspaper of general circulation in Lawrence County, asked the District about the terms of the Settlement Agreement; however, the District refused to provide the News with any information. On May 17, 2005, the News made a written "Request for Access" to the office of the District Superintendent, seeking a copy of the Settlement Agreement pursuant to the RTKL and the District's Right to Know Policy.[6] (R.R. at 134a, 144a.) In a letter dated May 20, 2005, the District's Solicitor wrote that a formal settlement had not been reached yet and that when a settlement occurred, the District would consider the News' RTKL request.

On June 8, 2005, the Plaintiff-students in the Federal Case presented to the District Court a petition for an order approving the settlement of the Federal Case. (R.R. at 68a–72a.) The petition included a request by the parties that the petition and the resulting District Court order be sealed from public inspection because "[i]n the Settlement Agreement ... the parties agreed to keep confidential all of the set-

---

**5.** On November 29, 2005, the parties filed a Stipulation of Facts for the convenience of the trial court. (R.R. at 130a–37a; 240a.)

**6.** On and after July 14, 2004, the District had in effect a written policy and regulations adopted pursuant to the RTKL, and particularly 65 P.S. § 66.8.

tlement terms." (R.R. at 72a.) That same day, without a hearing, the District Court Judge entered an order approving the Settlement Agreement and sealing the petition, exhibits and order as requested. The June 8, 2005, District Court order provides, *inter alia*, as follows.

> II. That the accompanying Petition, its Exhibits and this Order of Court be sealed from public disclosure, *pursuant to the parties' agreement for confidentiality.*

(Stipulation of Facts, No. 24, R.R. at 135a; 80a) (emphasis added).

On June 15, 2005, the District adopted a resolution formally accepting the terms of the Settlement Agreement, and, on June 17, 2005, the News again requested disclosure of the Settlement Agreement under the RTKL. On June 28, 2005, the District Solicitor denied the News' RTKL request based on the District Court's June 8, 2005, order sealing the record in the Federal Case. On June 30, 2005, the News took exception to the denial, and on July 12, 2005, the District issued a final determination again denying the News' request. The District restated its position that the June 8, 2005, District Court order prohibited the District from divulging the Settlement Agreement as a public record under section 1 of the RTKL, 65 P.S. § 66.1.[7]

On August 8, 2005, the News filed an appeal from the District's denial of its RTKL request to the trial court, which included a request for court costs and attorney fees pursuant to section 4.1 of the RTKL, 65 P.S. § 66.4–1. (R.R. at 5a–10a.) On August 11, 2005, the News also filed motions with the District Court, requesting the District Court to reconsider its June 8, 2005, order and open the Federal Case file.[8] (R.R. at 103a–09a.) Only the District objected to the News' federal motions; the Plaintiff-students did not.

In its August 31, 2005, opinion and order, the District Court first recounted that, initially, it found good cause to seal the documents because the request came from the Plaintiff-students, who were minors. The District Court then recognized that this original justification no longer existed in view of the Plaintiff-student's failure to respond to the News' federal motions to unseal the documents. Therefore, the District Court granted the News' motions and unsealed the June 8, 2005, order and accompanying petition, but stayed the August 31, 2005, order until the appeal process was exhausted. (R.R. at 230a–34a, 237a.) When neither party appealed, the August 31, 2005, order became final.[9]

---

**7.** The RTKL provides generally that "a public record shall be accessible for inspection and duplication by a requester in accordance with this act." Section 2(a) of the RTKL, 65 P.S. § 66.2(a). Section 1 of the RTKL defines "public record," in relevant part, as:

> Any account, voucher or contract dealing with the receipt or disbursement of funds by an agency ... and any minute, order or decision by an agency fixing the personal or property rights, privileges, immunities, duties or obligations of any person or group of persons: Provided, That *the term "public records"* ... *shall not include any* record, *document,* material, exhibit, pleading, report, memorandum *or other paper, access to or the publication of which is prohibited,*

restricted or forbidden by statute law or *order or decree of court* ....
65 P.S. § 66.1 (emphasis added).

**8.** The District filed a response to the News' appeal to the trial court, in which the District did not dispute that the Settlement Agreement was a public record subject to disclosure under the RTKL, but did deny the News' claim for court costs and attorneys fees. The District also requested that the trial court stay all proceedings until the District Court adjudicated the News' motions to unseal the Federal Case file. (R.R. at 12a–13a.)

**9.** Because no appeal had been filed from the August 31, 2005, order, the District Court

On November 29, 2005, the trial court held a hearing on the News' appeal. In an opinion and order dated February 22, 2006, the trial court held that the District was obligated under the RTKL to disclose the terms of the Settlement Agreement to the News and that the District Court's June 8, 2005, order did not prohibit such disclosure. The trial court concluded that the District's denial of the News' RTKL request was not based on a reasonable interpretation of law, and, therefore, the trial court held that the News was entitled to reasonable attorney fees and litigation costs. The trial court then directed the News to submit a claim for a specific amount along with affidavits attesting to the reasonableness of these expenses. The News complied with this directive, (R.R. at 269a–80a), and on March 20, 2006, the trial court amended its prior order to include a provision requiring Appellants to pay the News $8,820.10 to cover the attorney fees and litigation costs incurred by the News in the trial court and District Court proceedings. Appellants now appeal to this court from the award of fees and costs.[10]

Appellants first argue that the trial court erred by interpreting the District Court's June 8, 2005, order as allowing the District to provide a copy of the Settlement Agreement to the News. We disagree.

Under the RTKL, government agencies, as a general rule, are required to make public records accessible for inspection and duplication by any Commonwealth resident that makes a RTKL request. 65 P.S. §§ 66.1, 66.2(a). Where, as here, a settlement agreement fixes the personal or property rights of the parties or calls for the payment of money involving the disbursement of public funds, it is subject to disclosure under the RTKL. *Tribune–Review Publishing Company v. Westmoreland County Housing Authority,* 574 Pa. 661, 833 A.2d 112 (2003); *Morning Call, Inc. v. Lower Saucon Township,* 156 Pa. Cmwlth. 397, 627 A.2d 297 (1993).

Appellants do not dispute that the Settlement Agreement here *generally* qualifies as a "public record" under the RTKL. In fact, Appellants suggest that, had the settlement documents not been sealed by court order, the settlement still would have occurred, and the terms of the Settlement Agreement would have been disclosed. (Appellants' brief at 14–15.) However, Appellants contend that the District properly refused to provide a copy of the Settlement Agreement to the News based on the plain meaning of the District Court's June 8, 2005, order and on the exception set forth in section 1 of the RTKL, which excludes from the definition of "public record" any document, "access to or the publication of which is prohibited by . . . order or decree of court." 65 P.S. § 66.1. According to Appellants, the District Court's June 8, 2005, order plainly and unambiguously sealed the Settlement Agreement from public view without exceptions, so

directed on October 5, 2005, that the record in the Federal Case be unsealed. (R.R. at 124a.) Apparently, the District provided the News with a copy of the Settlement Agreement on October 3, 2005. (R.R. at 125a.)

10. Appellants do not challenge that portion of the trial court's order directing the District to provide the News with a copy of the Settlement Agreement; in fact, the District already had done so, rendering that question moot.

(*See* R.R. at 18a, 20a–21a.) Thus, only the issue of attorney fees and litigation costs remain. Appellate review of a trial court's order awarding attorney fees to a litigant is limited solely to determining whether the trial court palpably abused its discretion in making the fee award. *Lucchino v. Commonwealth,* 570 Pa. 277, 809 A.2d 264 (2002); *The Ridings at Whitpain Homeowners Association v. Schiller,* 811 A.2d 1111 (Pa.Cmwlth.2002).

that compliance with the News' RTKL request would have placed the District in contempt of the District Court's order.

■■■ However, the District Court order states that the record was sealed "pursuant to the parties' agreement for confidentiality." That confidentiality provision, contained in paragraph 9 of the Settlement Agreement, *permits* the District to disclose the terms of the Settlement Agreement in compliance with the RTKL. Thus, contrary to Appellants' claim, the District Court's June 8, 2005, order did not require confidentiality in all circumstances, but allowed disclosure in cases where such did not violate the confidentiality provision of the parties' Settlement Agreement.[11] Accordingly, the trial court did not err in

holding that the June 8, 2005, District Court order provided no reasonable justification for denying the News' RTKL request.[12]

Appellants next argue that, even assuming the trial court's interpretation of the District Court order is correct, the District's reliance upon the District Court order was perfectly reasonable at the time, and Appellants remind us that, once the seal was lifted, the District immediately forwarded the Settlement Agreement to the News. Appellants maintain that because the District's conduct was not the type that gives rise to an award of attorney fees and litigation costs,[13] the trial court's order making the award should be reversed. Again, we disagree.

11. As worded, the confidentiality provision of the Settlement Agreement acknowledges and confirms the District's mandatory statutory obligation to disclose the Settlement Agreement under the provisions of the RTKL notwithstanding any desire to keep the terms confidential. In any event, a school district may not contract away the public's right of access to public records because the purpose of access is to keep open the doors of government, to prohibit secrets, to scrutinize the actions of public officials and to make public officials accountable in their use of public funds. *Cogen, Sklar & Levick v. Commonwealth*, 814 A.2d 825 (Pa.Cmwlth.2003). A confidentiality clause contained in a settlement agreement that runs afoul of the RTKL violates public policy and is unenforceable. *Tribune–Review*.

12. In support of their contrary position, Appellants rely on *Tribune–Review* as acknowledging the potential for a settlement agreement to remain confidential despite a RTKL request where a court order seals the terms of the settlement agreement for good cause. *See also Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir.1994). The District contends that this is exactly what happened here, where the request to seal the Settlement Agreement and related documents was granted by the District Court based on concerns surrounding the minor Plaintiff-students. However, as stated, the District Court sealed the record in the

Federal Case only insofar as the parties themselves agreed not to disclose the terms of the Settlement Agreement. Moreover, we note that the court in *Tribune–Review* went on to state, "we believe that the confidentiality clause contained in this agreement is void as against public policy to the extent that it conflicts with the text and purpose of the [RTKL]. A public entity may not enter into enforceable promises of confidentiality regarding public records." *Id.* at 675, 833 A.2d at 120.

13. Appellants rely on *Township of Lower Merion v. QED, Inc.*, 738 A.2d 1066 (Pa.Cmwlth. 1999), *appeal denied*, 565 Pa. 680, 775 A.2d 811 (2001), for the proposition that an award of attorney fees and costs are unjustified under section 2503(7) of the Judicial Code, 42 Pa.C.S. § 2503(7), which provides for an award of counsel fees as a sanction against a party for dilatory, obdurate or vexatious conduct during the pendency of a matter. However, in *Township of Lower Merion*, we recognized that courts must follow section 2503(7) to make a determination of attorney fees *only* absent any provision for such in the governing statute. Because the RTKL clearly provides its own standards for an award of attorney fees and litigation costs, 65 P.S. § 66.4–1, section 2503(7) of the Judicial Code does not apply. Moreover, as we explain later in this opinion, we disagree with Appellants' characterization of the District's conduct.

Attorney fees and litigation costs may be awarded under section 4.1 of the RTKL, which provides, in relevant part:

(a) Reversal of agency determination. If a court reverses an agency's final determination, the court may award reasonable attorney fees and costs of litigation or an appropriate portion thereof to a requester if the court finds either of the following:

(1) the agency willfully or with wanton disregard deprived the requester of access to a public record subject to access under the provisions of this act; or

(2) the exemptions, exclusions or defenses asserted by the agency in its final determination were not based on a reasonable interpretation of law.

65 P.S. § 66.4–1(a).

As previously explained, the District Court order did not override but, rather, implemented the parties' confidentiality agreement, which, as the District was well aware, clearly provided for disclosure under the RTKL. In holding that the District did not base the denial of the News' request on a reasonable interpretation of the law, the trial court did not abuse its discretion and properly awarded attorney fees and litigation costs under 65 P.S. § 66.4–1(a)(2).

Indeed, although the trial court did not go this far, we would agree with the News when it states that attorney fees and litigation costs also are warranted under 65 P.S. § 66.4–1(a)(1), based on the District's wanton and willful disregard of the requester's right of access to a public record. The District was well aware that the Settlement Agreement was a "public record" under the RTKL and that the News was interested in learning the terms of the Settlement Agreement. Nevertheless, upon receiving the News' request for disclosure, the District attempted to prevent such disclosure by requiring Plaintiff-stu-dents, as a condition of settlement, to petition the District Court to seal the Settlement Agreement. The District then claimed that the Settlement Agreement was not a "public record" because it was sealed by order of court. That the District engaged in such conduct is not mere speculation by the News. In this regard, the District stipulated to the following relevant facts:

12. During the settlement negotiations, the School District, and not the Plaintiff-students, insisted that a confidentiality provision be included in the Settlement Agreement and the record in the Federal Case be sealed to inhibit public access to the terms of the settlement.

13. The Plaintiff-students were not concerned about the disclosure of the terms of the Settlement Agreement, but to secure the settlement, agreed to the confidentiality clause and the request that the record be sealed.

(R.R. at 133a.) These admissions clearly indicate that the District used the desire of the Plaintiff-students to effectuate the Settlement Agreement to pursue its own agenda to keep the public from learning the terms of the Settlement Agreement.

Accordingly, for these reasons, we affirm.

## ORDER

AND NOW, this 22nd day of November, 2006, the order of the Court of Common Pleas of Lawrence County (trial court), dated March 20, 2006, and amending the trial court's February 22, 2006, order, is hereby affirmed.