Flavin v City of New York (2019 NY Slip Op 03151)





Flavin v City of New York


2019 NY Slip Op 03151


Decided on April 25, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2019

Sweeny, J.P., Manzanet-Daniels, Tom, Kapnick, Moulton, JJ.


9105 308500/10

[*1]Raymond Flavin, Plaintiff-Appellant,
v
The City of New York, Defendant-Respondent.


Law Office of Carl Sanders, New Rochelle (Carl A. Sanders of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Diana Lawless of counsel), for respondent.



Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered on or about October 11, 2017, which, insofar as appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing the claims for false arrest, false imprisonment, malicious prosecution, and violation of civil rights under 42 USC § 1983, unanimously affirmed, without costs.
The claims for false arrest and false imprisonment were properly dismissed, since the officers' testimony and corroborating documentary evidence established prima facie probable cause for plaintiff's arrest and plaintiff failed to raise a triable issue of fact. Plaintiff's denials of having engaged in any criminal acts are contradicted by defendant's documentary evidence, including a report by an undercover officer that plaintiff sold drugs to him, the search warrant of his apartment arising from that transaction, and voucher paperwork showing that drugs were found on his person, and drugs, pre-recorded buy money, and a gun were found in his apartment (see Fowler v City of New York, 156 AD3d 512 [1st Dept 2017], lv dismissed 31 NY3d 1042 [2018]). Plaintiff's contention that the officers fabricated evidence is conclusory and insufficient to raise a triable issue of fact (see De Lourdes Torres v Jones, 26 NY3d 742, 771 [2016]).
The court properly dismissed the malicious prosecution claim, as there was probable cause for the arrest and the absence of evidence that such probable cause dissipated between the arrest and commencement of criminal proceedings (see Brown v City of New York, 60 NY2d 893, 894-895 [1983]; see also Broughton v State of New York, 37 NY2d 451, 457-458 [1975], cert denied 423 US 929 [1975]).
Plaintiff failed to allege a claim for a civil rights violation under 42 USC § 1983, since he failed to set forth an official policy or custom of the City that caused the officers to violate his constitutional rights (see De Lourdes Torres, 26 NY3d at 769). At most, plaintiff has "alleged only a single instance
of wrongful conduct by a municipal employee without authority to make decisions regarding official policy" (Saidin v Negron, 136 AD3d 458, 459 [1st Dept 2016], lv dismissed 28 NY3d 1069 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 25, 2019
CLERK