OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, without costs.
 

 ■ These actions for false arrest and malicious prosecution arose out of plaintiff’s arrest on January 16, 1978 for endangering the welfare of a child, unlawfully dealing with a child, criminal facilitation, and sexual abuse. The complainant, a 15-year-old runaway, twice identified plaintiff as one of three men who had abducted her, raped her, and forced her to engage in prostitution. Plaintiff was arraigned on January 17, 1978. After two adjournments, the case was dismissed as the complaining witness had failed to appear.
 

 In the instant action, the jury returned a verdict in favor of the City of New York on plaintiff’s claim for false arrest. The jury found for the plaintiff, however, on his malicious prosecution claim and awarded damages,
 

 The Appellate Division reversed and dismissed the complaint on the ground that there were inconsistent verdicts, but defendant at trial did not raise timely objection to the jury’s decision. Although the Appellate Division denominated its reversal as “on the law,” inasmuch as the unpreserved error was reviewed by the Appellate Division, this court construes the reversal as an exercise of discretion which is beyond this court’s power to review (see
 
 Feinberg v Saks & Co.,
 
 56 NY2d 206, 210-211).
 

 The only question properly before this court is whether dismissal of the complaint was proper. This corrective action would be appropriate in this case “only if there was
 
 no
 
 evidence at trial that the defendant, between the time of detention and the time of instituting the criminal proceeding against the plaintiff, had knowledge of some intervening fact exonerating plaintiff”
 
 (Feinberg v Saks & Co., supra,
 
 at p 211 [emphasis in original]). Viewing the record in the present appeal in the light most favorable to plaintiff,- there is no evidence from which the jury could reasonably infer that probable cause, held by
 
 *895
 
 police at the time of arrest, had dissipated by the time of arraignment some 24 hours later. Plaintiff relies on the assertion of an alibi at the time of arrest. Given the indefinite and insubstantial nature of the asserted alibi and complainant’s identification of plaintiff, no reasonable inference could be drawn to support a finding of malice.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
 

 Order affirmed, without costs, in a memorandum.