631 A.2d 822

**Louis TURANO and Catherine Defalco Turano**

v.

**Robert HUNT, James M. Reilly, the Borough of Jermyn, and the Police Department of the Borough of Jermyn,**

**Appeal of Louis TURANO, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 30, 1993.

Decided Sept. 8, 1993.

Joseph D. Paparelli, for appellant.
Michael T. Savitsky, for appellees.

Before McGINLEY and SMITH, JJ., and SILVESTRI, Senior Judge.

SMITH, Judge.

Louis Turano appeals from the July 17, 1992 order of the Court of Common Pleas of Lackawanna County granting the motions for summary judgment filed by the Borough of Jermyn (Borough), the Police Department of the Borough, and James M. Reilly, a police officer for the Borough (collectively Appellees). The sole issue Turano raises for review is whether the trial court, in addressing Turano's claim against Appellees for malicious prosecution, erred in finding that Officer Reilly had probable cause to initiate and pursue charges against Turano.

The pleadings and affidavits before the trial court reveal the following. On March 10, 1987, Officer Reilly received a call to investigate a report of a hit-and-run accident within the Borough. Upon arrival at the scene, Officer Reilly interviewed the victim, Robert Hunt, who stated that while he was attempting to cross the street, a dark color, older-model station wagon struck him with the left front fender and continued to drive away. Hunt further stated that the driver "looked like" Turano, whom Hunt knew. Hunt later discovered the car that hit him parked on a street in the City of Carbondale.[1] He informed Officer Reilly, who located the vehicle in front of a store owned by Turano, and determined it was Turano's vehicle. Based upon this information, criminal proceedings were subsequently instituted against Turano stemming from the incident. A preliminary hearing before a district justice was continued twice before the charges were dropped.

On November 14, 1988, Turano and his mother, Catherine Defalco Turano, filed a twelve-count complaint against Appellees and Hunt alleging, inter alia, malicious prosecution, defamation, emotional distress, and seeking punitive damages. Appellees and Hunt subsequently filed answers and new matter and on August 13, 1990, Appellees filed their motions for

1. The trial court took judicial notice of the fact that the City of Carbondale lies approximately two miles north of the Borough.

summary judgment with accompanying affidavits. On March 19, 1991, Turano filed an affidavit stating in pertinent part that after receiving a summons of arrest, he contacted Appellees and advised that he had not hit Hunt, had not been in the Borough since 1946, and "was not even sure how to get to Jermyn." Turano stated that Officer Reilly and other Borough officials were advised that Turano had a business and a sick mother which required him to be at home every morning to receive persons with whom he did business and who came to the premises to care for his mother. Turano further asserted that at no time since the alleged incident had any official contacted him for an interview, to inspect his car, or to obtain the names of any witnesses to verify his location on the morning of the incident.

In granting Appellees' motions for summary judgment, the trial court concluded that Officer Reilly had probable cause to initiate the proceedings, thereby defeating Turano's claim for malicious prosecution; Turano's claim for defamation was defeated by an absolute privilege accorded Officer Reilly in initiating the judicial procedure against Turano; no grounds existed for the cause of action of emotional distress and loss of services on behalf Turano's mother; and Turano's claim for punitive damages could not stand since the cause of action was dismissed.

When reviewing an order granting summary judgment, this Court's scope of review is limited to a determination of whether the trial court committed an error of law or an abuse of discretion. *Downing v. Philadelphia Housing Authority,* 148 Pa.Commonwealth Ct. 225, 610 A.2d 535, *appeal denied,* 532 Pa. 658, 615 A.2d 1314 (1992). Summary judgment is only appropriate when, after examining the record in favor of the non-moving party, there is no genuine issue of material fact and the movant clearly establishes entitlement to judgment as a matter of law. Pa.R.C.P. No. 1035(b).

In order to sustain a cause of action for malicious prosecution, the plaintiff must prove that the defendant instituted proceedings against the plaintiff without probable cause

and with malice, and that the proceedings were terminated in favor of the plaintiff. *Kelley v. General Teamsters, Chauffeurs, and Helpers, Local Union 249,* 518 Pa. 517, 544 A.2d 940 (1988). Absence of probable cause is an indispensable element of the action and it is not conclusively established by an adjudication of innocence in the prior proceeding. *De Salle v. Penn Central Transp. Co.,* 263 Pa.Superior Ct. 485, 398 A.2d 680 (1979). If probable cause is shown to exist, an absolute defense is established against an action for malicious prosecution and the prosecutor's motive, malicious or otherwise, is immaterial. *Meiksin v. Howard Hanna Co., Inc.,* 404 Pa.Superior Ct. 417, 590 A.2d 1303, *appeal denied,* 528 Pa. 644, 600 A.2d 196 (1991); *Bruch v. Clark,* 352 Pa.Superior Ct. 225, 507 A.2d 854 (1986).

The criterion for probable cause is not equivalent to the "proof beyond a reasonable doubt" standard applied in a criminal trial. *Bruch.* Rather, probable cause is a reasonable ground of suspicion supported by circumstances sufficient to warrant that an ordinary prudent person in the same situation could believe a party is guilty of the offense charged. *La Frankie v. Miklich,* 152 Pa.Commonwealth Ct. 163, 618 A.2d 1145 (1992). In cases of malicious prosecution, it is beyond cavil that the question of want of probable cause for the criminal prosecution that gave rise to the civil action is a question not for the jury but exclusively for the court. *Leonard v. Cole,* 134 Pa.Commonwealth Ct. 14, 578 A.2d 53 (1990), *appeal denied,* 526 Pa. 651, 585 A.2d 470 (1991). However, the question of the existence of probable cause may be submitted to the jury when facts material to the issue are in controversy. *Kelley.*

Turano argues that Appellees lacked probable cause because they failed to perform the type of investigation which would allow a reasonable, honest, and intelligent individual to believe that Turano was guilty of a crime. He relies upon *Wainauskis v. Howard Johnson Co.,* 339 Pa.Superior Ct. 266, 488 A.2d 1117 (1985), for the proposition that reasonable ground of suspicion must not be based upon an inadequate and

unreasonable investigation of the circumstances concerning alleged criminal conduct. He further contends that Appellees brought criminal charges against him without investigating any fact other than ownership of the vehicle, and that they should have investigated further upon being informed of Turano's alibi after he was served with the criminal complaint.

Although a review of Pennsylvania law reveals little authority directly addressing the question of inadequate police investigation as a basis for a malicious prosecution claim, there is support for the trial court's determination that probable cause existed. In *Kelley*, the Supreme Court held that evidence established the existence of probable cause as a matter of law in a malicious prosecution action where a former employee sued an employer after the employee was arrested solely as a result of a co-employee having signed a confession accusing him of participating in a theft. In *De Salle*, the Superior Court determined that probable cause existed for a railroad flagman's arrest where stolen property was found in a caboose over which the flagman and conductor had exclusive control. The Court rejected the flagman's contention that railroad police failed to check for fingerprints on the stolen property and noted that "[t]he arrest was neither precipitous nor so deficient in normal investigative procedures as to satisfy the requirements of legal malice." *Id.*, 263 Pa.Superior Ct. at 493, 398 A.2d at 684.

Furthermore, *Wainauskis* is distinguishable in that the Superior Court held the trial court was correct in submitting the question of want of probable cause to the jury where an employer withheld or misrepresented material facts to prosecuting authorities regarding a dismissed assistant manager employee who was charged with theft of daily receipts. The material facts presented in that case included: the employee had not worked on the date that one of the thefts occurred; the employee had previously informed the manager of her discovery of a bank bag hidden in a linen closet; and seven other people had the combination to the safe in which the bank bags were kept but no effort was made by employer to interview these people or to take measures to change the

combination. In the matter sub judice, no such material facts were either withheld or misrepresented.

When confronted with the lack of authority on point, the trial court turned for guidance to other states whose standards for malicious prosecution and probable cause mirror those of Pennsylvania. Each case dealt with police officials charged with malicious prosecution based on lack of probable cause because of alleged failure to investigate an alibi more fully. In *Walsh v. Eberlein*, 114 Ariz. 342, 560 P.2d 1249 (Ct.App.1976), the court determined that an eyewitness' identification of an individual furnishes probable cause to assume the guilt of the party identified, even though the officer could have performed a more thorough investigation before seeking the complaint. In *Gisondi v. Town of Harrison*, 72 N.Y.2d 280, 532 N.Y.S.2d 234, 528 N.E.2d 157 (1988), the court stated that the police are not obligated to pursue every lead that may yield evidence beneficial to the accused, even though they had actual knowledge of the lead and had the capacity to investigate it. In *Lee v. Geiger*, 419 So.2d 717 (Fla.Dist.Ct.App. 1982), *appeal denied*, 429 So.2d 5 (Fla.1983), the court determined that there was probable cause, despite the plaintiff's contention that the police officer should have investigated his alibi, and held that an imperfect criminal investigation is not a sufficient basis for recovery in a malicious prosecution action.

In the final case relied upon by the trial court, *Brown v. City of New York*, 92 A.D.2d 15, 459 N.Y.S.2d 589, *aff'd*, 60 N.Y.2d 893, 470 N.Y.S.2d 571, 458 N.E.2d 1248 (1983), the court held that the mere assertion of an alibi, and even the failure to investigate such alibi, does not overcome the existence of probable cause to prosecute. The court further noted that there was every reason to believe that the victim's identification of the plaintiff was genuine, and that even if the police investigation of the plaintiff's alleged alibi raised a question as to whether he was elsewhere at the time of the alleged offense, there was a reasonable basis for prosecution in view of the victim's positive identification of the plaintiff.

Although these cases are not controlling law in Pennsylvania, this Court nevertheless finds no reason to depart from the

clear logic they express or from the law of this Commonwealth and concludes that the trial court sub judice correctly determined that probable cause existed for Appellees' actions. Accordingly, the order of the trial court granting the motions for summary judgment filed by Appellees is affirmed.

## ORDER

AND NOW, this 8th day of September, 1993, the order of the Court of Common Pleas of Lackawanna County is affirmed.