**Daniel J. CORRIGAN, Appellant,**

v.

**CENTRAL TAX BUREAU OF PA., INC., a corporation, James Pajak, Joseph Petrucci, Jr., Robert Yatsko and John Yantko.**

Commonwealth Court of Pennsylvania.

Argued May 6, 2003.

Decided July 16, 2003.

---

Ernest P. DeHaas, III, Uniontown, for appellant.

Thomas J. Lowery, Pittsburgh, for appellees, J. Petrucci, R. Yatsko and J. Yantko.

Warren L. Siegfried, Pittsburgh, for appellees, Central Tax Bureau of Pa. and J. Pajak.

BEFORE: McGINLEY, Judge, LEAVITT, Judge, and JIULIANTE, Senior Judge.

OPINION BY Judge LEAVITT.

Daniel J. Corrigan (Corrigan) appeals from an order of the Court of Common Pleas of Fayette County (trial court) granting summary judgment to defendants in a malicious prosecution action. We affirm the trial court.

The underlying material facts in this matter are not in dispute. Corrigan operates the Springdale Golf Club, a public golf course located in South Union and Menallen Townships, Fayette County, on proper-

ty leased from Katherine Ganoe.[1] On June 28, 1995, defendants, Supervisors of Menallen Township, Joseph Petrucci, Robert Yatsko and John Yankto (Supervisors), voted to adopt Ordinance No. 174 (Ordinance). The Ordinance imposed an amusement tax at a rate of 10% on the admission price to each amusement within the Township of Menallen. When Corrigan failed to remit the amusement tax, the Supervisors directed the appointed tax collector, the Central Tax Bureau of Central Pennsylvania, Inc. (CENTAX), to take legal action. On March 25, 1997, defendant James Pajak (Pajak), an employee of CENTAX, filed a private criminal complaint with the District Justice, in which he alleged that Corrigan failed to file, report and transmit its amusement tax payment to CENTAX, as required by Sections 3, 4, 5, 8, 9 and 10 of the Ordinance for tax years 1995 and 1996.

Corrigan pleaded not guilty to the charges and requested a hearing, which was scheduled for May 7, 1997. The matter was continued, and on May 8, 1997, Corrigan, through his counsel, notified the Menallen Township Solicitor that the Ordinance was defective and unenforceable. Corrigan was found guilty of violating two sections of the Ordinance and sentenced to pay a $100 fine. He appealed, and the trial court scheduled a hearing on January 22, 1998. At this hearing, the Assistant District Attorney requested leave of court to withdraw the charges against Corrigan. Subsequently, he filed a motion for leave

to enter a *nolle prosequi*, and this motion was granted by the trial court.

On June 30, 1998, Corrigan instituted the present cause of action for malicious prosecution. His complaint alleged, *inter alia*, that the Ordinance was unenforceable because it sought to impose an amusement tax in excess of the maximum rate authorized under the Local Tax Enabling Act (LTEA).[2] It also alleged that because the LTEA only authorizes criminal actions for violations of an ordinance imposing earned income tax, the Supervisors, CENTAX and Pajak (collectively, Appellees) were without authorization to file a criminal action against Corrigan for violations of an ordinance imposing an amusement tax. Appellees filed motions for summary judgment, which the trial court granted. The court reasoned that Appellees had probable cause to file the criminal complaint, and, thus, Corrigan was unable to establish a *prima facie* case of malicious prosecution.

On appeal, Corrigan argues that the trial court erred. Specifically, he contends that it is not enough to consider Appellees' conduct *prior* to the filing of the complaint. Rather, the trial court should have also considered their post-complaint conduct. Once informed by Corrigan's counsel that the Ordinance was invalid, Appellees should have dropped their prosecution. He further contends that the Supervisors are not protected from Corrigan's action on grounds of official immunity. Corrigan requests costs for preparing a reproduced record at the behest of Appellees that they

---

1. By way of background, Katherine Ganoe is a member of the Thompson family. In 1866, the Pennsylvania General Assembly enacted a statute which "attached" the property of the Thompson family to South Union Township for school purposes, requiring that all school taxes for those properties be paid to South Union Township. Act of April 4. 1866, No. 492. Reproduced Record 13a (R.R.———). Al-

though most of the Ganoe property and the golf course are in Menallen Township, the school real estate taxes are paid to the Laurel Highland School District in South Union Township as a result of the statute.

2. Act of Dec. 31, 1965, P.L. 1257, *as amended*, 53 P.S. §§ 6901–6924.

did not use in their appeal.[3]

■ The standard of review for summary judgment is limited to a determination of whether the trial court committed an error of law or an abuse of discretion. *Irish v. Lehigh County Housing Authority,* 751 A.2d 1201, 1203, n. 4 (Pa.Cmwlth. 2000). Summary judgment is only appropriate when, after examining the record in favor of the non-moving party, there is no genuine issue of material fact and the movant clearly establishes entitlement to judgment as a matter of law. *E.O.J. v. Tax Claim Bureau of Schuylkill County,* 780 A.2d 814, 817 n. 2 (Pa.Cmwlth.2001); Pa. R.C.P. No. 1035.2.

■ In order to sustain a cause of action for malicious prosecution relating to a criminal prosecution, the plaintiff must prove that the defendant (1) instituted proceedings against the plaintiff, (2) without probable cause, (3) with malice, and (4) that the proceedings were terminated in favor of the plaintiff. *Turano v. Hunt,* 158 Pa.Cmwlth. 348, 631 A.2d 822, 824 (1993). Probable cause is a reasonable ground of suspicion supported by circumstances sufficient to warrant that an ordinary prudent person in the same situation could believe a party is guilty of the offense charged. *Miller v. Pennsylvania Railroad Co.* 371 Pa. 308, 314, 89 A.2d 809, 811–812 (1952). Lack of probable cause is an indispensable

element of the action, and an ultimate adjudication of innocence does not establish lack of probable cause to prosecute. If a defendant can demonstrate probable cause, an absolute defense is established against an action for malicious prosecution, and the prosecutor's motive, malicious or otherwise, is immaterial. *Turano,* 631 A.2d at 824.

Our review of the record indicates that there were no material facts in dispute. The Supervisors adopted the Ordinance, the language of which had been drafted by the Solicitor at their request. They relied upon the Solicitor's expertise. The Ordinance included a penalty provision, which provides in relevant part,

> ***Section 11:*** **Penalties.** Any person who shall violate any provision of this Ordinance shall, upon conviction thereof, be sentenced to pay a fine of not more than Six Hundred and 00/100 ($600.00) Dollars, and in default of payment to imprisonment for a term not to exceed thirty (30) days.

TOWNSHIP OF MENALLEN, PA., ORDINANCE, No. 174, § 11 (1995). There is also no question that Corrigan failed to apply for or obtain a permit or to file tax returns or pay the amusement tax.[4] The trial court properly determined that these facts were sufficient for an ordinary and prudent person to believe that Corrigan violated the

---

3. Corrigan requests those costs pursuant to Pa. R.A.P. 2155(b), which states:

   **(b) Allocation by court.** The cost of reproducing the record shall be taxed as costs in the case pursuant to Chapter 27 (fees and costs in appellate courts and on appeal), but if either party shall cause material to be included in the reproduced record unnecessarily, the appellate court may on application filed within ten days after the last paper book is filed, in its order disposing of the appeal impose the cost of reproducing such parts on the designating party.

4. Corrigan's Brief states:

   [T]here was no question that [Corrigan] had not applied for and obtained a permit, filed returns and paid amusement tax, it was clear that there was probable cause for the criminal charge if the ordinance was valid and that conduct constituted a crime. Therefore, the lower court's review of this case was superficial at best and did not address the plaintiff's arguments. To properly decide this case, the lower court had to consider the defendants active prosecution of the case *after* they were notified of the plaintiff's legal defense.

   Corrigan's Brief at 16 (emphasis added).

Ordinance and established probable cause. This is an absolute defense to malicious prosecution. *Turano* 631 A.2d at 824.

Corrigan however, argues that it was error for the trial court to grant summary judgment because it did not address the Appellees' active prosecution of the case *after* the filing of the complaint and after being advised of Corrigan's legal defenses. In other words, Corrigan asserts that the failure of Appellees to discontinue their criminal prosecution is actionable in tort.

Malicious prosecution of *civil* matters distinguishes between malicious use of process and malicious abuse of process;[5] the former addresses the initiation of civil process and the latter its continuation. However, there is no authority for Corrigan's position that a prosecutor's failure to discontinue promptly a criminal process is actionable, and we decline to so expand the bounds of this common law tort. A "[m]alicious prosecution is an action which runs counter to obvious policies of the law in favor of encouraging proceedings against those who are apparently guilty.... It never has been regarded with any favor by the courts, and it is hedged with restrictions which make it very difficult to maintain." *Miller*, 371 Pa. at 310–311, 89 A.2d at 810 (quoting Prosser on Torts p. 870 (1941)). "If this were not so, it would deter men from approaching the courts of justice for relief." *Simpson v. Montgomery Ward & Co.*, 354 Pa. 87, 102, 46 A.2d 674, 681 (1946) (quoting *Stewart v. Sonneborn*, 98 U.S. 187, 25 L.Ed. 116 (1879)).

We grant Corrigan's motion for reproduction costs. The Appellees requested Corrigan to reproduce the entire transcript of the deposition testimony; however, it was not used in their brief. Accordingly, Appellees should bear the cost of their request.

For these reasons, the decision of the trial court is affirmed.[6]

### ORDER

AND NOW, this 16th day of July, 2003, the order of the Court of Common Pleas of Fayette County, dated November 27, 2002, is hereby affirmed and Appellees are directed to reimburse Appellant for the photocopying costs associated with the reproduction of the transcript.

---

5. The common law remedy of civil malicious prosecution is now codified and modified at 42 Pa.C.S. § 8351–8354, in what is known as the Dragonetti Act. *Matter of Larsen*, 532 Pa. 326, 440, 616 A.2d 529, 587 (1992).

6. We need not address Corrigan's official immunity claim because it is obviated by our finding that he did not state a cause of action.