**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1945
_____

DEVON YOUNG,
                    Appellant

v.

CITY OF CHESTER, PA; DETECTIVE MARC BARAG;
OFFICER WILLIAM CAREY; POLICE COMMISSIONER JOSEPH BAIL
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-17-cv-03066)
District Judge:  Honorable Wendy Beetlestone
_____

Submitted under Third Circuit L.A.R. 34.1(a)
on March 19, 2019

Before:  SHWARTZ, KRAUSE and BIBAS, *Circuit Judges*

(Opinion filed: March 29, 2019)

_____

OPINION[*]

_____

_____

    [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Appellant Devon Young appeals the District Court's dismissal of his complaint alleging constitutional and state law claims against the City of Chester and certain members of its police department ("Appellees") for his arrest and pre-trial detention before his eventual acquittal. For the reasons that follow, we will affirm.

## I.      Background

On July 16, 2015, Officers Marc Barag and William Carey were conducting covert narcotics surveillance in Chester, Pennsylvania, when they observed Young standing on a sidewalk and an individual, later identified as Basil Evans, walk up and engage Young in a brief conversation. When the men finished speaking to each other, Evans handed Young cash and, in return, Young took out a small package and handed it to Evans. When Evans walked away, Officer Barag stopped him, conducted a pat-down search, and recovered a small clear pink bag containing 0.4 grams of marijuana from his pants pocket. Evans was then arrested.

Within a couple hours, Officer Carey relayed Young's whereabouts to a third officer who arrested Young and recovered a cell phone and 184 dollars. Officer Barag also swore out an affidavit of probable cause against Young, alleging possession of drug paraphernalia, in violation of 35 Pa. Stat. Ann. § 780-113(a)(32), and possession with intent to deliver a controlled substance, in violation of 35 Pa. Stat. Ann. § 780-113(a)(30). Because Young was unable to post the $50,000 bail set by the court, he remained in prison for almost ten months before his two-day trial resulted in an acquittal on both charges.

2

Young then filed a complaint in the Eastern District of Pennsylvania, asserting § 1983 false arrest and malicious prosecution claims, as well as state law claims, against Officers Carey and Barag, and a claim against the City of Chester, pursuant to *Monell v. Department of Social Security*, 436 U.S. 658 (1978), and against Police Commissioner Joseph Bail, pursuant to a theory of supervisory liability.[1] The District Court dismissed the complaint in its entirety, and Young timely appealed.

## II.    Jurisdiction and Standard of Review

The District Court had jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and we have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a district court's dismissal of claims under Federal Rule of Civil Procedure 12(b)(6), *Schmidt v. Skolas*, 770 F.3d 241, 248 (3d Cir. 2014), accepting the complaint's factual allegations as true and construing them in the light most favorable to the nonmoving party, *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 790, 793 (3d Cir. 2016), but disregarding conclusory assertions and bare recitations of the elements, *id.* at 786 n.2, 789-90.

---

[1] Appellees initially failed to respond to Young's complaint, and the District Court entered a default in Young's favor. Upon Appellees' motion to vacate the default, the District Court applied the three-part test articulated in *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000), concluding that (1) Young would not suffer prejudice if default was denied, (2) Appellees had a litigable defense, and (3) Appellees' delay was not due to "willfulness" or "bad faith." JA 49. While we note that *Giampapa* concerned the standard for granting the entry of default judgment rather than vacating the entry of default, the test is the same. *See Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982). Accordingly, contrary to Appellant's contention, the District Court properly exercised its discretion to vacate the default. *See* Fed. R. Civ. P. 55(c).

**III.    Discussion**

Young raises four arguments on appeal, none of which is persuasive.

*First*, Young contends that the District Court erred in dismissing his false arrest claim because the officers lacked probable cause to arrest him.  To state a false arrest claim under § 1983, a plaintiff must adequately allege that the arresting officers lacked probable cause.  *See Berg v. Cty. of Allegheny*, 219 F.3d 261, 269 (3d Cir. 2000).  Probable cause requires only that "the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested," *Orsatti v. N.J. State Police*, 71 F.3d 480, 483 (3d Cir. 1995), and while probable cause "requires more than mere suspicion[,]" it does not "require the same type of specific evidence of each element of the offense as would be needed to support a conviction[,]" *Reedy v. Evanson*, 615 F.3d 197, 211 (3d Cir. 2010) (citations omitted).  Probable cause is present so long as there is a "fair probability that the person committed the crime at issue." *Wilson v. Russo*, 212 F.3d 781, 789 (3d Cir. 2000) (internal quotation marks and citation omitted).

Here, in light of the information that the complaint acknowledges was available at the time of Young's arrest, a reasonable officer could conclude there was a "fair probability" that Young "use[d], or possess[ed] with intent to use, drug paraphernalia" to execute a drug transaction with Evans, in violation of 35 Pa. Stat. Ann. § 780-113(a)(32), and that he possessed with intent to deliver a controlled substance, in violation of 35 Pa. Stat. Ann. § 780-113(a)(32).  As reflected in the complaint, the officers in this case

4

observed Young speaking with Evans and exchanging money for a small package, and Evans was arrested moments later with 0.4 grams of marijuana in his possession. Those facts were sufficient for a reasonable officer to believe that Young used or possessed "drug paraphernalia," which is defined under Pennsylvania law as "all equipment, products and materials of any kind which are used, intended for use or designed for use in . . . storing, containing, [or] concealing . . . a controlled substance." 35 Pa. Stat. Ann. § 780-102(b). While that alone is fatal to Young's false arrest claim because such claims "necessarily fail if probable cause existed for any one of the crimes charged," *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 477 (3d Cir. 2016), the officers' observations were also sufficient to conclude that Young possessed with intent to distribute the marijuana that was recovered from Evans, *see* § 780-113(a)(30).

*Second*, Young challenges the dismissal of his malicious prosecution claim against the officers. To plead a malicious prosecution claim, a plaintiff must allege that (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *Zimmerman v. Corbett*, 873 F.3d 414, 418 (3d Cir. 2017), *cert. denied*, 138 S. Ct. 2623 (2018). Young's malicious prosecution claim fails because probable cause existed for both charges he faced.

*Third,* while Young insists that the District Court erred by dismissing his state law claims, his claims of false arrest, false imprisonment, and malicious prosecution fail

5

because the elements are substantially the same as those for his § 1983 claims. *See Renk v. City of Philadelphia*, 641 A.2d 289, 293 (Pa. 1994) (false arrest/false imprisonment); *Turano v. Hunt*, 631 A.2d 822, 824 (Pa. Commw. Ct. 1993) (malicious prosecution). And his claims of false light invasion of privacy and intentional infliction of emotional distress were properly dismissed because they were asserted "in a conclusory manner without alleging any facts in support of the elements for each claim." JA 11; *see Hoy v. Angelone*, 720 A.2d 745, 753 (Pa. 1998) (intentional infliction of emotional distress); *Coleman v. Ogden Newspapers, Inc.*, 142 A.3d 898, 905 (Pa. Super. Ct. 2016) (false light).

*Last*, Young argues that his *Monell* claim against the City of Chester was improperly dismissed because the constitutional violations he suffered "clearly stemmed from the City of Chester's failure to train [them]." Appellant's Br. 35. Municipalities, however, may be held liable under § 1983 only if the plaintiff can show a predicate constitutional violation of the plaintiff's rights. *Startzell v. City of Philadelphia*, 533 F.3d 183, 204 (3d Cir. 2008) (citation omitted). The City of Chester cannot be "liable under *Monell* unless one of [its] employees is primarily liable under section 1983 itself." *Williams v. Borough of West Chester*, 891 F.2d 458, 467 (3d Cir. 1989). Because Young has not adequately alleged a predicate constitutional violation, he cannot pursue a *Monell* claim against the City.[2]

---

[2] Likewise, to the extent that Young pleads a claim for supervisory liability against Bail, this claim fails because he has not plausibly alleged a predicate constitutional violation. *See, e.g.*, *Reedy*, 615 F.3d at 231 (requiring participation in a violation of the plaintiff's rights).

6

Even if there were an underlying constitutional violation, municipalities may be held liable under § 1983 only if the plaintiff proves the existence of an unconstitutional policy or custom that caused her injury. *Brown v. City of Pittsburgh*, 586 F.3d 263, 292 (3d Cir. 2009) (citing *Monell*, 436 U.S. at 694). Here, the District Court rightly concluded that, because Young's complaint contains only conclusory allegations regarding the City of Chester's policies in six areas, it "fail[s] to satisfy the 'rigorous standards of culpability and causation' required for municipal liability." *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009) (quoting *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 405 (1997)).

## IV.     Conclusions

For the aforementioned reasons, the District Court's judgment will be affirmed.