McFall v City of New York (2020 NY Slip Op 06455)





McFall v City of New York


2020 NY Slip Op 06455


Decided on November 12, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 12, 2020

Before: Gische, J.P., Gesmer, Kern, Kennedy, JJ. 


Index No. 308806/12 Appeal No. 12351 Case No. 2019-5660 

[*1]Andrew McFall, Plaintiff-Appellant,
v
The City of New York et al., Defendants-Respondents.


Sim & Depaola, LLP, Bayside (Sang J. Sim of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Eric Lee of counsel), for respondents.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about July 1, 2019, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
The court properly granted summary judgment dismissing the claim for false arrest and false imprisonment under 42 USC § 1983. Notwithstanding that the District Attorney's office ultimately dismissed the charges against plaintiff, defendants established prima facie probable cause for the arrest, and plaintiff failed to raise a triable issue of fact. The victim told the investigating detective that a man had exposed himself and made lewd comments, and provided a detailed description of the perpetrator, which was corroborated by surveillance video capturing the encounter. After an anonymous call from a "long-time companion" of plaintiff identified him as the suspect in the video broadcast on television, the detective put together a photo array based on the information received, and the victim positively identified plaintiff as the perpetrator. Further, three former colleagues, as well as plaintiff's ex-girlfriend, who provided the anonymous tip, positively identified plaintiff in the video footage. Under these circumstances, the police had "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime" (Weyant v Okst, 101 F3d 845, 852 [2d Cir 1996]).
The court properly dismissed the state and federal claims for malicious prosecution, as there was no evidence of intervening facts that would have exonerated plaintiff between the arrest and commencement of the criminal proceeding (see Lowth v Town of Cheektowaga, 82 F3d 563, 571—572 & n 3 [2d Cir 1996]; Brown v City of New York, 60 NY2d 893, 894—895 [1983]). We also find no evidence of actual malice.
The existence of probable cause for the arrest defeats plaintiff's claim alleging excessive force, assault, and battery arising from his being handcuffed with no resulting injuries (Fowler v City of New York, 156 AD3d 512, 513 [1st Dept 2017], lv dismissed 31 NY3d 1042 [2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 12, 2020