IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevin Brown,                       :
             Appellant          :
                              :
         v.                   :
                              :
P/O George Gee and City    :    No. 1185 C.D. 2021
of Philadelphia               :    Submitted: December 30, 2022


BEFORE:    HONORABLE ANNE E. COVEY, Judge
                  HONORABLE CHRISTINE FIZZANO CANNON, Judge
                  HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                            FILED: March 27, 2023


       Kevin Brown (Appellant) appeals from the Philadelphia County Common Pleas Court's (trial court) October 6, 2021 order granting Philadelphia Police Officer George Gee's (Officer Gee) and the City of Philadelphia's (collectively, Appellees) Motion for Summary Judgment (Motion) and dismissing Appellant's Complaint with prejudice. Appellant presents two issues for this Court's review: (1) whether the trial court erred by ignoring the malicious prosecution claim embodied in Count II, and holding that the two-year statute of limitations accrued for all Count II claims as of the date of Appellant's January 8, 2010 arrest; and (2) whether the trial court abused its discretion by failing to allow Appellant an opportunity to amend Complaint Count II to clarify his malicious prosecution claim.[1] After review, this Court affirms.

---

[1] Appellant has been represented by counsel beginning with the filing of his Complaint.

## Background[2]

On January 8, 2010, Appellant, while walking, stopped to talk to Dominique Evans (Evans) on the porch of Evans' house near the corner of 56th and Whitby Streets in Philadelphia. While on the porch, Appellant observed Officer Gee and Philadelphia Police Sergeant Nashid Akil (Sergeant Akil) drive by in a marked vehicle. Following his conversation with Evans, Appellant descended the steps and Officer Gee and Sergeant Akil stopped him. Officer Gee ordered Appellant to place his hands above his head and searched him while Sergeant Akil chased after two unknown males who had run down an alley. Sergeant Akil returned and stated to Officer Gee that he "[g]ot it," Complaint ¶ 10, which prompted Appellant to state that whatever *it* was, it was not his, he did not know those men, and he had been nowhere near the alley. Officer Gee allegedly verbally abused Appellant, slammed his head on the hood of the marked vehicle, and planted evidence on him. Officer Gee and Sergeant Akil accused Appellant of passing money to Evans in return for Xanax and crack cocaine.

On May 12, 2011, the Philadelphia District Attorney's (District Attorney) office voluntarily nolle prossed its charges against Appellant.

## Facts

On May 10, 2013, Appellant commenced the civil action against Appellees by Writ of Summons.[3] On September 28, 2017, Appellant filed the Complaint alleging Assault and Battery (Count I), False Arrest, False Imprisonment and Abuse of Process (Count II), *see* Complaint Count II, Invasion of Privacy - Casting in a False Light (Count III), Violations of Civil Rights Under the

---

[2] The facts are as alleged in Appellant's Complaint.
[3] This case was placed in deferred status on April 28, 2014, and removed from deferred status on March 3, 2021.

Pennsylvania Constitution (Count IV), and Civil Conspiracy (Count V). On October 27, 2017, Appellees filed an Answer and New Matter, therein raising affirmative defenses, including that Appellant's claims are time-barred by Pennsylvania's statute of limitations. On February 22, 2018, Appellant filed a reply to Appellees' New Matter.

On August 31, 2021, Appellees filed the Motion, arguing that judgment must be entered in their favor because Appellant's claims were barred by Pennsylvania's statute of limitations. Appellant responded that the statute of limitations for his claim for malicious abuse of process (which he asserts includes malicious prosecution in Count II and civil conspiracy in Count V) was tolled when the District Attorney nolle prossed his underlying criminal matter in 2011. On October 6, 2021, the trial court granted the Motion on the basis that Appellant's claims were time-barred and dismissed the Complaint with prejudice. Appellant appealed to this Court.[4]

On October 26, 2021, the trial court directed Appellant to file a statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(b) (Rule 1925(b) Statement). On November 8, 2021, Appellant filed his Rule 1925(b) Statement. On March 4, 2022, the trial court filed its opinion pursuant to Rule 1925(a).

---

[4] The standard of review of the grant of summary judgment is *de novo*. *See, e.g.*, *Pyeritz v. Commonwealth . . . , . . .* 32 A.3d 687, 692 ([Pa.] 2011). []The scope of review over an order granting summary judgment is "limited to a determination of whether the trial court abused its discretion or committed an error of law." *Bowles v.* [*Se.*] [*Pa.*] *Transp*[.] *Auth*[.], . . . 581 A.2d 700, 702-03 ([Pa. Cmwlth.] 1990).

*Texiera v. Commonwealth*, 284 A.3d 1279, 1283 n.2 (Pa. Cmwlth. 2022).

**Discussion**

Initially,

> [s]ummary judgment may be granted only in those cases where the record clearly shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *P.J.S. v. [Pa.] State Ethics Comm['n]*, . . . 723 A.2d 174, 176 ([Pa.] 1999). On a motion for summary judgment, the record must be viewed in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved in his favor. *Id.* The question of whether the [Appellees are] entitled to summary judgment is based purely upon the statutory construction of the applicable immunity provisions. *Dean v. [Pa.] Dep['t] of Transp*[.], . . . 751 A.2d 1130, 1132 ([Pa.] 2000).

*Texiera v. Commonwealth*, 284 A.3d 1279, 1283 n.3 (Pa. Cmwlth. 2022).

Appellant first argues that the trial court erred as a matter of law when it ignored the malicious prosecution claim embodied in Count II, and held that the two-year statute of limitations accrued for all Count II claims as of the date of Appellant's January 8, 2010 arrest. Appellees rejoin that Appellant did not plead a valid malicious prosecution claim and, even if this Court was to read malicious prosecution into the Complaint, Appellant shows neither indicia of innocence to suggest that the nolle pros had anything to do with his lack of guilt, nor a lack of probable cause for the criminal charges.

This Court has explained:

> The elements of malicious prosecution are: (1) the institution of proceedings against the plaintiff without probable cause and with malice[;] and (2) the termination of proceedings in favor of the plaintiff. *Turano [v. Hunt]*, 631 A.2d [822,] 825 [(Pa. Cmwlth. 1993)]. "Probable cause is a reasonable ground of suspicion supported by circumstances sufficient to warrant that an ordinary prudent person in the same situation could believe a party is guilty of the offense charged." *La Frankie v. Miklich*, . . . 618 A.2d 1145, 1148 ([Pa. Cmwlth.] 1992)

4

> (en banc). Notably, a successful case for malicious criminal prosecution is both rare and arduous. "Malicious prosecution is an action which runs counter to obvious policies of the law in favor of encouraging proceedings against those who are apparently guilty . . . [.] It never has been regarded with any favor by the courts, and it is hedged with restrictions which make it very difficult to maintain." *Corrigan v. Cent. Tax Bureau of Pa., Inc.*, 828 A.2d 502, 506 (Pa. Cmwlth. [2003]) (internal quotations omitted) . . . . "If this were not so, it would deter men from approaching the courts of justice for relief." *Id*.

*Alleyne v. Pirrone*, 180 A.3d 524, 540 (Pa. Cmwlth. 2018).

Here, Appellant alleged: "[**Appellees**], acting in concert, conspiracy and/or jointly, did knowingly, intentionally, negligently, **maliciously** and/or recklessly falsely arrest, imprison and **prosecute** [Appellant], **in the absence of probable cause** or other valid and reasonable lawful basis[,]" Complaint ¶ 25 (Count II False Arrest, False Imprisonment and Abuse of Process) (emphasis added), and "the District Attorney voluntarily [n]olle [p]ross[ed] all charges against [Appellant]." *Id*. ¶ 19 (Facts). Appellant contends that these allegations were sufficient for the trial court to have *sua sponte* granted Appellant leave to amend his Complaint to incorporate a Count including a validly pleaded malicious prosecution claim.

Appellees maintain that even if Appellant validly pleaded malicious prosecution, the District Attorney approving the filing of criminal charges against Appellant, and the magisterial district judge holding Appellant over for court on the charges at his preliminary hearing, are affirmative evidence of probable cause. However, Appellant submitted his own affidavit and affidavits of his purported witnesses that countered a probable cause finding.

The *Alleyne* Court held:

> Where there are material conflicts as to probable cause, the court can either[:] (1) require the jury to find a special

5

verdict upon which the court may determine the existence of probable cause; or (2) charge the jury under what combination of circumstances, which may be found under the evidence, the defendant did or did not have probable cause for initiating proceedings.

*Id*. at 541. Moreover, concerning the nolle pros, the Pennsylvania Supreme Court has instructed: "[I]f the defendant is discharged after abandonment of the charges by the prosecutor, or **the charges are withdrawn by the prosecutor**, this is sufficient to satisfy the requisite element of prior favorable termination of the criminal action." *Haefner v. Burkey*, 626 A.2d 519, 521 (Pa. 1993) (emphasis added) (quoting *Woodyatt v. Bank of Old York Rd.*, 182 A.2d 500, 501 (Pa. 1962)). Accordingly, because there are *material conflicts* as to probable cause which need to be presented to a jury, *see Alleyne*, and a nolle pros is sufficient to satisfy the requisite element of favorable termination, *see Haefner*, had Appellant pled a valid malicious prosecution claim, it would not be barred by any affirmative defenses.

However, Appellant acknowledges in his brief filed with this Court that he did not properly plead his malicious prosecution claim. Specifically, in his Summary of Argument, Appellant states:

> Contrary to the trial court's opinion, established case law from the Superior Court of Pennsylvania affirms that **multiple claims pleaded in a single count are technical violations** that should not result in dismissal. Instead, a party should be afforded the opportunity to cure this defect. As such, the [trial c]ourt should have allowed [Appellant] to amend his Complaint and clarify his claim for malicious prosecution.
>
> . . . .
>
> **[T]his case should be remanded for [Appellant] to file an amended complaint and to proceed to trial**.

Appellant Br. at 5-6 (emphasis added).

6

Further, in his Argument, Appellant asserts:

> [Appellant's] response to [Appellees'] [M]otion . . . raised the issue of whether Count II of his [C]omplaint also plead[ed] a claim for malicious prosecution, in addition to, and regardless of the enumerated claims of False Arrest, False Imprisonment and Abuse of Process. **[Appellant] conceded Count II was pled improperly** and asked the [trial c]ourt to look past its form and instead, focus on the substance of the claims pleaded therein.
>
> . . . .
>
> According to Rule 1020, **Count II was on its face improper** because four separate causes of action, namely, False Arrest, False Imprisonment, Abuse of Process and Malicious Prosecution, were all pleaded simultaneously within the count. **[Appellant] admits the error in his pleading**, but submits that said failure is a minor technical violation, which could easily be corrected by an amended [c]omplaint.

Appellant Br. at 9-10 (emphasis added).

Appellant continues: "Thus, **the trial court should have granted [Appellant] leave to amend his [C]omplaint and cure the defects**. [Appellant] **should have been granted permission to reorganize and clarify the remaining counts of the [C]omplaint**." Appellant Br. at 12 (emphasis added). Most importantly, [Appellant] declares: "Admittedly, [**Appellant**] **did not specifically request leave to amend his [C]omplaint in his summary judgment response**." Appellant Br. at 13 (emphasis added).

Since it is undisputed that Appellant did not properly plead his malicious prosecution claim, the issue of whether the trial court abused its discretion by failing to *sua sponte* grant Appellant leave to amend Count II of his Complaint remains. Appellant argues that the trial court should have granted him leave to amend his Complaint to cure the technical defects. Appellees respond that it is not

7

the trial court's responsibility or role to create defenses or strategies for the parties, and Appellant did not request leave to amend. Further, Appellees claim that since Appellant filed his initial Complaint mere days before his purported malicious prosecution claim became time-barred, allowing him to amend the Complaint would have been futile. Appellees declare that Pennsylvania law bars amendment of a complaint to include a time-barred cause of action.

Pennsylvania Rule of Civil Procedure (Civil Rule) 1033(a) provides:

> **A party**, either **by filed consent of the adverse party or by leave of court**, **may at any time** change the form of action, add a person as a party, correct the name of a party, or otherwise **amend the pleading**. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted.

Pa.R.Civ.P. 1033(a) (emphasis added).

The Pennsylvania Supreme Court, in addressing Civil Rule 1033, explained:

> Leave to amend lies within the sound discretion of the trial court and "the right to amend should be liberally granted at any stage of the proceedings unless there is an error of law or resulting prejudice to an adverse party." *Connor v. Allegheny Gen*[.] *Hosp*[.], . . . 461 A.2d 600, 602 ([Pa.] 1983).
>
> . . . [The] petitioner's claim fails because he never requested that the Commonwealth Court allow him leave to amend. [The a]ppellant fails to cite to any case law, and we can find none, requiring a court to *sua sponte* order or require a party to amend his pleading.

*Werner v. Zazyczny*, 681 A.2d 1331, 1338 (Pa. 1996) (footnote omitted); *Pelino v. Wetzel* (Pa. Cmwlth. No. 92 M.D. 2019, filed Apr. 20, 2020), *aff'd*, 243 A.3d 971 (Pa. 2021), slip op. at 10 n.2 (same); *see also Key v. Pa. Dep't of Corr.* (Pa. Cmwlth.

8

No. 521 M.D. 2020, filed Aug. 3, 2021), slip op. at 8 n.5 (emphasis added) ("[L]itigants should be allowed to amend their pleadings with great liberality . . . . *See Werner . . .* , 681 A.2d [at] 1338 . . . . **However**, **a court does not have** '**to** *sua sponte* **order or require a party to amend his pleading**.' *Id*."); *Rahem v. White Haven Ambulance* (Pa. Cmwlth. No. 1574 C.D. 2017, filed Aug. 29, 2018), slip op. at 12 ("Here, [the a]ppellant neither sought the consent of [the a]ppellee to amend h[is c]omplaint, nor did []he request leave of the court to amend." "Although [the a]ppellee indicates []he was given leave to amend a complaint in another case, []he cites no authority, and we can find none, **requiring** a court to *sua sponte* order a party to amend h[is] pleading."); *Smart v. Dep't of Corr.* (Pa. Cmwlth. No. 631 C.D. 2017, filed June 27, 2018), slip op. at 15-16 ("Our Supreme Court has held that a court is not required to *sua sponte* order or require a party to amend his pleading." "[T]he record reveals that [the appellant] did not request leave to amend his complaint. Therefore, we cannot find that the trial court erred in dismissing [the appellant's] claim without affording him the opportunity to amend his complaint.")[5]

Here, even after the Motion was filed, Appellant, who was represented by counsel, neither sought Appellees' consent nor leave of court to amend his Complaint. Accordingly, the trial court did not err by not *sua sponte* granting Appellant leave to amend his Complaint before granting Appellees' Motion.

**Conclusion**

Because Appellant did not properly plead malicious prosecution and the statute of limitations has barred all of the other claims, the trial court properly granted Appellees' Motion.

---

[5] Unreported decisions of this Court, while not binding, may be cited for their persuasive value. Section 414(a) of the Internal Operating Procedures of the Commonwealth Court, 210 Pa. Code § 69.414(a). The unreported cases cited herein are cited for their persuasive value.

For all of the above reasons, the trial court's order is affirmed.

_____
ANNE E. COVEY, Judge

Judge Ceisler did not participate in the decision in this matter.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevin Brown,                          :
              Appellant    :
                   :
        v.          :
                   :
P/O George Gee and City               :    No. 1185 C.D. 2021
of Philadelphia                       :

### O R D E R

AND NOW, this 27th day of March, 2023, the Philadelphia County Common Pleas Court's October 6, 2021 order is affirmed.

_____
ANNE E. COVEY, Judge