IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Verna Shedrick,                              :
                          Appellant  :
                                             :
      v.                            :  No.  1041 C.D. 2022
                                    :  Submitted:  November 6, 2023
Duane A. Watson                     :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE STACY WALLACE, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WALLACE                              FILED:  December 22, 2023


      Verna Shedrick (Shedrick) appeals from the October 26, 2021 order of the
Court of Common Pleas of Philadelphia (trial court) sustaining the preliminary
objections of City of Philadelphia Police Officer Duane A. Watson (Officer Watson)
and dismissing Shedrick's claims against Officer Watson for false arrest, false
imprisonment, and malicious prosecution, following her arrest for controlled
substance violations and the subsequent dismissal of the charges.  Upon review, we
affirm.

## BACKGROUND

      On April 3, 2019, Shedrick's brother picked her up from her cousin's house
to give her a ride home.  Reproduced Record (R.R.) at 40a.  Shedrick rode in the
front passenger seat while her brother drove.  *Id*.  Police officers, including Officer

Watson, initiated a traffic stop and, during the encounter, ordered both parties to exit the vehicle. *Id*. The police found illegal drugs in the pocket of the front passenger side door where Shedrick had been sitting. *Id*. Shedrick told the police the drugs did not belong to her. *Id*. Shedrick's brother also claimed the drugs were not Shedrick's, they were his, and Shedrick did not know the drugs were in the vehicle. *Id*. at 41a. Officer Watson arrested Shedrick and charged her with purchase or receipt of an unauthorized controlled substance and possession of a controlled substance (drug charges). *Id*. Ultimately, the Philadelphia Office of the District Attorney withdrew the drug charges on July 31, 2019. *Id*.

On March 31, 2021, Shedrick filed her Complaint against Officer Watson asserting claims of false arrest, false imprisonment, and malicious prosecution. *Id*. at 9a-16a. In response, Officer Watson filed preliminary objections in the nature of a demurrer asserting Shedrick's claims require a lack of probable cause at the time of arrest and, based on the facts Shedrick pled in her Complaint, probable cause existed when Officer Watson arrested Shedrick thereby defeating her claims. *Id*. at 17a-20a. Subsequently, Shedrick filed an amended Complaint asserting the same claims, but amending her factual averments. *Id*. at 39a-46a. By order filed October 26, 2021, the trial court sustained Officer Watson's preliminary objections and dismissed Shedrick's Complaint with prejudice. *Id*. at 110a. In its Pa. R.A.P. 1925(a) Opinion, the trial court explained:

> [Shedrick] pleaded that "police officers found [the drugs] in the pocket of the front passenger side door near where [Shedrick] had been sitting." Equal access to the [the drugs] provided police officers with the requisite facts to recognize that [Shedrick] had constructive possession of [the drugs], warranting probable cause for her arrest. This alone is enough to support [the trial court's finding that its] dismissal of [Officer Watson] from this case was clearly warranted and further,

that [Shedrick] would be unable to prove facts that were legally sufficient to establish the right to relief.

*Id*. at 121a (internal citation omitted).

Shedrick appeals to this Court. On appeal, Shedrick asserts the trial court erred in sustaining Officer Watson's preliminary objections and dismissing her Complaint because her Complaint properly alleged Officer Watson lacked probable cause to arrest and prosecute her for the drug charges. Shedrick's Br. at 4, 14. Additionally, Shedrick contends the legal requirement of probable cause should have been decided by the jury and the trial court misapplied the law and erred when it determined it was reasonable for Officer Watson to believe Shedrick had constructive possession of the illegal drugs found in an area of the car hidden from view. *Id*. at 19-20. In response, Officer Watson argues the trial court properly found he had probable cause to arrest Shedrick based on his belief that she constructively possessed the illegal drugs. Officer Watson's Br. at 9. Additionally, Officer Watson maintains Shedrick's arguments do not abrogate probable cause for her arrest. *Id*. at 13. Finally, Officer Watson asserts even if this Court was to conclude he lacked probable cause to arrest Shedrick, Shedrick's claims are barred by what is known as the Political Subdivision Tort Claims Act, 42 Pa. C.S. §§ 8501-8564, because she failed to allege sufficient facts to establish Officer Watson's actions constituted willful misconduct or actual malice. *Id*. at 16.

## DISCUSSION

In an appeal from a trial court's order sustaining preliminary objections and dismissing a complaint, we review the trial court's decision for an error of law or an abuse of discretion. *Rok v. Flaherty*, 527 A.2d 211, 212 (Pa. Cmwlth. 1987). When reviewing the trial court's ruling, we apply the same standard as the trial court. *Reed v. Brown*, 166 A.3d 570, 572 n.2 (Pa. Cmwlth. 2017) (quoting *Schuylkill Navy v.*

3

*Langbord*, 728 A.2d 964, 968 (Pa. Super. 1999)). Under this standard, to sustain a preliminary objection in the nature of a demurrer, it must appear with certainty, based on the facts averred, the law will not permit recovery. *Pa. State Troopers Ass'n v. Commonwealth*, 606 A.2d 586, 587 (Pa. Cmwlth. 1992). If any doubt exists, we must overrule the preliminary objections. *Id.* While we accept as true all well-pled facts and all reasonable inferences deduced from those facts, *J.B. Steven, Inc. v. Board of Commissioners of Wilkens Township*, 643 A.2d 142, 144-45 (Pa. Cmwlth. 1994), we do not accept as true conclusions of law, unwarranted inferences from those facts, argumentative allegations, or expressions of opinion. *Pa. Builders Ass'n v. Dep't of Lab. & Indus.*, 4 A.3d 215, 225 (Pa. Cmwlth. 2010).

Shedrick's Complaint alleged claims of false arrest, false imprisonment, and malicious prosecution against Officer Watson. As Officer Watson correctly points out in his brief, *see* Officer Watson's Br. at 9 n.1, under Pennsylvania law, false arrest is synonymous with false imprisonment. *Gagliardi v. Lynn*, 285 A.2d 109, 111 (Pa. 1971). To sustain a cause of action for false arrest or false imprisonment, a plaintiff must show the defendant detained the plaintiff and the detention was unlawful. *Alleyne v. Pirrone*, 180 A.3d 524, 543 (Pa. Cmwlth. 2018). Where a police officer's detention, or arrest, of an individual is based upon probable cause, it is justified and lawful, regardless of whether the individual arrested was guilty. *Renk v. City of Pittsburgh*, 641 A.2d 289, 293 (Pa. 1994). To sustain a cause of action for malicious prosecution, a plaintiff must show the defendant instituted proceedings against the plaintiff without probable cause and with malice, and that the proceedings terminated in favor of the plaintiff. *Kelley v. Gen. Teamsters, Chauffeurs, and Helpers, Loc. Union 249*, 544 A.2d 940, 941 (Pa. 1988). The absence of probable cause is a necessary element of malicious prosecution and if

probable cause is shown to exist, it establishes an absolute defense to the action. *Turano v. Hunt*, 631 A.2d 822, 824-25 (Pa. Cmwlth. 1993). Because Shedrick's claims require that Officer Watson lacked probable cause when he arrested Shedrick, her claims necessarily fail if probable cause existed. Thus, we must consider whether the facts averred by Shedrick support the trial court's conclusion that Officer Watson had probable cause to arrest Shedrick for the drug charges.

"[P]robable cause is a reasonable ground of suspicion supported by circumstances sufficient to warrant that an ordinary person in the same situation could believe a party is guilty of the offense charged." *Id*. at 825. Probable cause "is not a high bar[,]" *Kaley v. United States*, 571 U.S. 320, 338 (2014), and it "does not require the same type of specific evidence of each element of the offense as would be needed to support a conviction." *Adams v. Williams*, 407 U.S. 143, 149 (1972). Notably, there is a clear distinction between what is required to establish probable cause and what is required to sustain a conviction. An arresting officer is not required to have evidence sufficient to convict in order to have probable cause to make an arrest. *Wong Sun v. United States*, 371 U.S. 471 (1963). Probable cause "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Illinois v. Gates*, 462 U.S. 213, 243 n.13 (1983). The evidentiary standard for probable cause is significantly lower than the standard required for conviction. *See Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979).

Moreover, when addressing whether an officer has probable cause, we do not question whether the officer's belief was "correct or more likely true than false." *Texas v. Brown*, 460 U.S. 730, 742 (1983). Rather, we take a "common sense" approach and determine its existence based upon the totality of the circumstances. *Goodwin v. Conway*, 836 F.3d 321, 327 (3d Cir. 2016). Officers are permitted to

5

come to their own "common-sense conclusions about human behavior" during their investigations. *Gates*, 462 U.S. at 231 (citation omitted). Additionally, an acquittal or withdrawal of charges at a subsequent proceeding does not establish a lack of probable cause at the time of the arrest. *Turano*, 631 A.2d at 824. The relevant inquiry is whether a reasonable officer could conclude, considering the totality of the surrounding circumstances, including the plausibility of any proffered explanations, that there was a "substantial chance of criminal activity." *District of Columbia v. Wesby*, 583 U.S. 48, 61 (2018). Whether a particular set of facts suggest that an arrest is justified by probable cause requires an examination of the elements of the crime at issue.

Here, Officer Watson arrested Shedrick for drug possession. In drug possession cases, the Commonwealth must prove that a defendant had knowing or intentional possession of a controlled substance, and if the substance is not found on the defendant's person, then the Commonwealth must satisfy that burden by proof of "constructive possession." *Commonwealth v. Macolino*, 469 A.2d 132, 134 (Pa. 1983). Constructive possession is a "legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not." *Commonwealth v. Mudrick*, 507 A.2d 1212, 1213 (Pa. 1986). Constructive possession requires the defendant had both the power to control the contraband and the intent to exercise that control. *Macolino*, 469 A.2d at 134. An officer may infer constructive possession from the totality of the circumstances using circumstantial evidence. *Id.* Further, more than one individual may be deemed to constructively possess an item when it is found in an area of joint control or equal access. *Commonwealth v. Valette*, 613 A.2d 548, 550 (Pa. 1992).

6

Applied to the current case, to have probable cause to arrest Shedrick for the drug charges, Officer Watson needed only to reasonably suspect Shedrick constructively possessed the illegal drugs. Here, Shedrick pled facts that supported the conclusion Officer Watson had a reasonable belief she constructively possessed the illegal drugs. Readily apparent to Officer Watson were the following facts: (1) Shedrick was seated in the front passenger seat of the vehicle when the traffic stop was initiated; and (2) upon a search of the vehicle, the illegal drugs were found in the front passenger door of the vehicle. Obviously, the illegal drugs would have been within her reach and, in fact, more accessible to her than the driver of the vehicle. Upon these facts, we cannot say Officer Watson was unreasonable to believe Shedrick committed the crime of, at least, constructive possession of the illegal drugs.

Shedrick argues her Complaint sufficiently pled Officer Watson knew he lacked probable cause because of "observations the officers made prior to stopping the vehicle" and Shedrick's statements to Officer Watson claiming the illegal drugs did not belong to her. Shedrick's Br. at 17-18. We disagree. The trial court accepted Shedrick's factual averment that she and her brother told Officer Watson the illegal drugs did not belong to Shedrick. R.R. at 122a-23a. However, the probable cause standard does not require Officer Watson to resolve all potential issues nor to accept as true Shedrick's claims of innocence or her brother's claims she was innocent. Officer Watson could have reasonably inferred Shedrick was lying to avoid being charged with a crime and Shedrick's brother was lying to protect his sister. A probable cause inquiry considers the totality of the circumstances and does not require the police to correctly resolve conflicting evidence or to make accurate credibility determinations. *See Wright v. City of Phila.*, 409 F.3d 595 (3d Cir. 2005).

7

Consequently, Shedrick's claim that Officer Watson "knew" he lacked probable cause or "knew" Shedrick did not commit the crime is nothing more than an inference unwarranted by the facts, an argumentative allegation, or simply an expression of Shedrick's opinion. As a result, we need not accept the claim as true and it was properly rejected by the trial court.

## CONCLUSION

The facts averred by Shedrick in her Complaint demonstrate that Officer Watson had a reasonable basis to suspect Shedrick constructively possessed the illegal drugs the police found in the pocket of the passenger side door where Shedrick sat at the time of the traffic stop. Even if Officer Watson made a mistake, we cannot say Officer Watson acted unreasonably considering the information available to him at the time. Accordingly, we agree with the trial court's conclusion Officer Watson had probable cause to arrest Shedrick. Because we conclude Officer Watson had probable cause, Shedrick's claims for false arrest or false imprisonment and malicious prosecution necessarily fail. Therefore, the trial court did not abuse its discretion or err in sustaining Officer Watson's preliminary objections and dismissing Shedrick's Complaint. We affirm the trial court's order.

_____
STACY WALLACE, Judge

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Verna Shedrick,                          :
                    Appellant  :
                                         :
        v.                    : No.  1041 C.D. 2022
                                         :
Duane A. Watson                          :


# **O R D E R**


**AND NOW**, this 22nd day of December 2023, the Court of Common Pleas of Philadelphia's October 26, 2021 order is **AFFIRMED**.


_____
STACY WALLACE, Judge